ACCEPTED
03-14-00561-CV
4396218
THIRD COURT OF APPEALS
AUSTIN, TEXAS
3/6/2015 10:45:40 AM
JEFFREY D. KYLE
CLERK

03-14-00561-CV

IN THE COURT OF APPEALS OF TEXAS
THIRD DISTRICT, AUSTIN

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
3/6/2015 10:45:40 AM
JEFFREY D. KYLE
Clerk

**DANA DUSCHMANN and KEVIN BIERWIRTH,**
Appellants,

Vs.

**FEDERAL NATIONAL MORTGAGE ASSOCIATION,**
Appellee.

On Appeal from the County Court at Law No. 2
Travis County, Texas
Trial Court Cause No. C-1-CV-14-006351

APPELLANT'S BRIEF

Kevin Bierwirth
13276 Research Blvd. Ste. 204
Austin, Texas 78750
(512) 825-0331

# IDENTITY OF THE PARTIES

**Appellant**

Kevin Bierwirth
13276 Research Blvd. Ste. 204
Austin, Texas 78750

**Appellee**

FEDERAL NATIONAL MORTGAGE ASSOCIATION (FANNIE MAE)

**Counsel for Appellee**

Douglas G. Dent
6836 Bee Caves Road, Bldg. 3, Suite 303
Austin, TX 78746

# TABLE OF CONTENTS

Identity of Parties and Counsel……………………………………………………..2

Table of Contents……………………………………………………………...3

Table of Authorities……………………………………………………………….5

Statement of Jurisdiction……………………………………………………….8

Statues, Rules and Authorities Relevant to the Case…………………………..8

Statement of the case……………………………………………………………11

Issues Presented……………………………………………………………….11

Statement of Facts…………………………………………………………………12

Argument and Authorities

    ISSUE 1:    Whether the two year limitation period of Texas Civil Practice and Remedies Code §16.003 bars Plaintiff's forcible detainer suit for possession of the property……………………………....……13

    ISSUE 2:    Whether the use of a 310 writ of possession was improper.23

    ISSUE 3:    Whether it was an error of law when the Trial Judge did not set a supersedeas bond…………………………………………..27

    ISSUE 4:    Whether it is Judicial error when the presiding trial judge, Honorable Joe Carroll did not sign the Judgment order…………..29

    ISSUE 5:    Whether the issuance of a Writ of Possession from County Court, which was issued prematurely denied Appellant of due process of law……………………………………………………………30

    ISSUE 6:    Whether in the Emergency Petition for Writ of Reentry hearing, the Trial Judge misapplied the law…………………………32

Conclusion………………………………………………………………37

Prayer…………………………………………………………………………..37

Certificate of Service………………………………………………….……39

Certificate of Compliance……………………………………………….39

Appendix

# TABLE OF AUTHORITIES

**CASES**

*Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (U.S.S.Ct. 2007)....................20

*Boykin v. State*, 818 S.W.2d 782, 785-8 (Tex. Crim. App. 1991)(en banc).....10

*Brown v. EMC Mortg. Corp.* 326 S.W.3d 648, 653-54 (Tex.App.—Dallas 2010, pet. denied)..........................24,25,27

*Cail v. Service Motors*, Inc., 660 S.W.2D 814, 815 (Tex.1983)..................15

*Caminetti v. United States*, 242 U.S. 470, 485 (1917)..........................24

*Coinmach Corp. v. Aspenwood Apt. Corp.*, 417 S.W.3d 909, 919 (Tex. 2013)..................................17, 19

*Cuellar v. Martinez*, 625 S.W.2d 3, 5 (Tex.Civ.App.—San Antonio 1981,no writ).................................13

*Elwell v. Countrywide Home Loans, Inc.*, 267 S.W.3d 566, 568-69.............14

*Fandey v. Lee*, 880 S.W.2d 164, 168 (Tex.App.—El Paso 1994, writ denied)..13

*Federal Home Loan v. Pham, Crawford Block*, 1-13-00109-CV (Texas App.—Houston [14th Dist.] 2014)..........................15

*Goggin v. Leo*, 849 S.W.2d 373, 377 (Tex.App.—Houston [14th Dist.] 1993, no writ)..................................13

*Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 514 (Tex. 1998)..........................20

*Kennedy v. Andover Place Apts.*, 203 S.W.3d 495, 497 (Tex.App.—Houst [14th Dist.] 2006, no pet.)..........................17

*Marshall v. Hous. Auth. Of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006)...17

*Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826 at 828 (Tex. 1991)......20

*Rawlings v. Ray*, 312 U.S. 96, 98 (1941).................................................21

*RepublicBank Dallas, N.A. v Interkal, Inc.*, 691 S.W.2d 605, 607 (Tex. 1985)..15

*Rogers v. Ricane Enterprises, Inc.*, 930 S.W.2d 157 (Tex. App.—Amarillo, 1996)..................................................................................14,15

*Sanchez v. Archdiocese of San Antonio*, 873 S.W.2d 87 (1994)..................15

*Trail Enters., v. City of Houston*, 957 S.W.2d 625, 631 (Tex.App.—Houston [14th Dist.] 1997, pet. denied..........................20

*United States v. Missouri Pac. R.R.Co.* 278 U.S. 269, 278 (1929)..............24

*Upjohn Co. v. Freeman*, 885 S.W.2d 538 (Tex.App.—Dallas, 1994)..........14

*Williams v. Bayview-Realty Assocs.*, 420 S.W.3d 358, 361 (Tex.App—Houston [14th Dist.] 2014, no pet.)..................................17

*Williams v. Deutsche Bank Nat'l Trust Co.*, No. 05-11-00434-CV, 2012 Tex. App. LEXIS 3352 *5-6 (Tex. App.—Dallas, Apr. 27, 2012, no pet.).................................................................21

**TEXAS STATUTES**

Tex.Civ.Prac. & Rem. Code §16.003...........................................8, 11, 12

Texas Civil Practice & Remedies Code §51.012.....................................8

Texas Local Government Code §192.001,............................................8

Tex.Prop.C. §24.002...........................................................8,13,14,19

Tex.Prop. C. §24.005 (d)................................................................8

Tex.Prop.C. §24.0054....................................................................8

Tex.Prop.C. §24.0054 (a-2)............................................................10

Tex.Prop.C. §24.0061……………………………………………..

Tex.Prop.C._§24.007……………………………………….……10,27,31,33

Texas Property Code, Chapter 51……………………………………….……8,21

Texas Property C. §51.005(a)(2)……………………………………….……25

Tex.R.App.P. 44………………………………………………………..10,25

Tex.R.Civ.P 309…………………………………………….………9,24,25,37

Tex.R.Civ.P. 310……………………………………….………9,23,24,26,27,36,37

Tex.R.Civ.P 510.9……………………………………………………...…9

Tex R.Civ.P. 510.13…………………………………...……10,27,31,33,34,35

**CONSTITUTIONS**

Texas Constitution, Art. 1, Sec. 13………………………………….………..11

Texas Constitution, Art. 1, Sec. 19……………………………….……………11

Texas Constitution, Art. 5, Sec. 6………………………………….………...8

**OTHER AUTHORITIES**

Ronald Benton Brown & Sharon Jacobs Brown,
STATUTORY INTERPRETATION §4.2 AT 38 (2002)……………..…………10

Texas Code of Judicial Conduct……………………...........................11, 24

## STATEMENT OF JURISDICTION

This Court has jurisdiction of the appeal because Appellant appeals a final Judgment from the Travis County Court at Law #1, Travis County, Texas. Texas Civil Practice & Remedies Code §51.012, Texas Local Government Code §192.001, and Texas Constitution, Art. 5, Sec. 6.

This Court has jurisdiction concerning appeal of forcible detainer proceedings, Texas Property Code, Chapter 51.

## STATUTES, RULES AND AUTHORITIES RELEVANT TO THE CASE

Tex.Civ.Prac. & Rem. Code §16.003. Two year Limitations Period. (a) Except as provided by Section 16.010 and 16.0045, a person must bring suit for trespass for injury to the estate or to the property of another, forcible entry and detainer, and forcible detainer not later than two years after the day the cause of action accrues.

Tex.Prop.C. §24.002 Forcible Detainer is: A person who refuses to surrender possession of real property on demand commits a forcible detainer if the person is a tenant at will or by sufferance, including an occupant at the time of foreclosure of a lien superior to tenant's lease.

The demand for possession must be made in writing by a person entitled to possession of the propoperty and must comply with the requirements for notice to vacate under Section 24.005.

Tex.Prop. C. §24.005 (d) In all situations in which the entry by the occupant was a forcible entry under Section 24.001, the person entitled to possession must give the occupant oral or written notice to vacate before the landlord files a forcible entry and detainer suit. The notice to vacate under this subsection may be to vacate immediately or by a specified deadline.

Tex.Prop.C. §24.0054 Tenant's failure to pay rent during appeal. (c) If the court finds that a tenant has failed to timely pay the rent into the court registry on more than one occasion:

(1) the tenant is not entitled to stay the issuance of the writ by paying the rent and the landlord's reasonable attorney's fees, if any; and

(2) the county court shall immediately issue a writ of possession.

(d) A writ of possession issued under Subsection (c) may not be executed before the sixth day after the date the writ is issued.

Tex.R.Civ.P 309. In Foreclosure Proceedings. Judgments for the foreclosure of mortgages and other liens shall be that the plaintiff recieve his debt, damages and costs, with a foreclosure of the plaintiff's lien on the property subject thereto, and, except in judgments against executors, administrators and guardians, that an order of sale shall issue to any sheriff or any constable within the State of Texas, directing him to seize and sell the same as under execution, in satisfaction of the judgment; and, if the property cannot be found, or if the proceeds of such sale be insufficient to satisfy the judgment, then to take the money or any balance thereof remaining unpaid, out of any other property of the defendant, as in case of ordinary executions.

Tex.R.Civ.P. 310. Writ of Possession. When an order foreclosing a lien upon real estate is made in a suit having for its object the foreclosure of such lien, such order shall have all the force and effect of a writ of possession as between the parties to the foreclosure suit and any person claiming under the defendant to such suit by any right acquired pending such suit; and the court shall so direct in the judgment providing for the issuance of such order. The sheriff or other officer executing such order of sale shall proceed by virtue of such order of sale to place the purchaser of the property sold thereunder in possession thereof within thirty days after the day of sale.

9

Tex.Prop.C. §24.0061: Writ of Possession: (a) A landlord who prevails in an eviction suit is entitled to a judgment for possession of the premises and a writ of possession. In this chapter, "premises" means the unit that is occupied or rented and any outside area or facility that the tenant is entitled to use under a written lease or oral rental agreement, or that is held out for the use of tenants generally.

(b) A writ of possession may not be issued before the sixth day after the date on which the judgment for possession is rendered unless a possession bond has been filed and approved under the Texas Rules of Civil Procedure and judgment for possession is thereafter granted by default.

Tex.R.Civ.P 510.9 Appeal. (a) How Taken; Time. A party may appeal a judgment in an eviction case by filing a bond, making a cash deposit, or filing a sworn statement of inability to pay with the justice court within 5 days after the judgment is signed. (b) Amount of Security; Terms. The justice court judge will set the amount of the bond or cash deposit to include the items enumerated in Rule 510.11.

Tex.Prop.C. §24.0054 (a-2) If a person files a pauper's oath and there is no judgment for rent, the justice court shall forward the transcript and original papers in the case to the county court for trial de novo.

Tex R.Civ.P. 510.13. Writ of Possession on Appeal. The writ of possession, or execution, or both, will be issued by the clerk of the county court according to the judgment rendered, and the same will be executed by the sheriff or constable, as in other cases. The judgment of the county court may not be stayed unless within 10 days from the judgment the appellant files a supersedeas bond in an amount set by the county court pursuant to Section 24.007 of the Texas Property Code.

Tex.Prop.C. §24.007 Appeal: (a) A judgment of a county court in an eviction suit may not under any circumstances be stayed pending appeal unless, within 10 days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court. In setting the supersedeas bond the county court shall provide protection for the appellee to the same extent as in any other appeal, taking into consideration the value of rents likely to accrue during appeal, damages which may occur as a result of the stay during appeal, and other damages or amounts as the court may deem appropriate.

(b) Notwithstanding any other law, an appeal may be taken from a final judgment of a county court, statutory county court, statutory probate court, or district court in an eviction suit.

Statutory construction: The plain meaning of the statute is to control. The plain meaning of the statutory language is presumed to be what the legislature intended, and if the meaning is plain, the court cannot base its interpretation on any other method or source. Ronald Benton Brown & Sharon Jacobs Brown, STATUTORY INTERPRETATION §4.2 AT 38 (2002); See also *Boykin v. State*, 818 S.W.2d 782, 785-8 (Tex. Crim. App. 1991)(en banc).

Tex.R.App.P. 44. Reversible error in Civil Cases. (a) Standard for reversible error. No judgment may be reversed on appeal on the ground that the trial court made an error of law unless the court of appeals concludes that the error complained of: (1) probably caused the rendition of an improper judgment; or (2) probably prevented the appellant from properly presenting the case to the court of appeals. (b) Error affecting only part of case. If the error affects part of, but not all, the matter in controversy and that part is separable without unfairness to the parties, the judgment must be reversed and a new trail ordered only as to the part affected by the error. The court may not order a separate trial solely on unliquidated damages if liability is contested.

Texas Code of Judicial Conduct. Canon 2: Avoiding Impropriety and the Appearance of Impropriety in All of the Judge's Activities. A. A judge shall comply with the law and should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.

Canon 3. Performing the Duties of Judicial Office Impartially and Diligently A. Judicial Duties in General. The judicial duties of a judge take precedence over all the judge's other activities. Judicial duties include all the duties of the judge's office prescribed by law. In the performance of these duties, the following standards apply: B. Adjudicative Responsibilities. (1) A judge shall hear and decide matters assigned to the judge except those in which disqualification is required or recusal is appropriate. (9) A judge should dispose of all judicial matters promptly, efficiently and fairly.

Texas Constitution, Art. 1, Sec. 19. No citizen of this state shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land.
Texas Constitution, Art. 1, Sec. 13. Excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted. All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law.

11

## STATEMENT OF THE CASE

This is an appeal of a forcible detainer proceeding from the Travis County Court at Law #2. The trial occurred on August 5, 2014 and judgment was rendered on August 7, 2014, and timely appealed.

## ISSUES PRESENTED

ISSUE 1:     Whether the two year limitation period of Texas Civil     Practice and Remedies Code §16.003 bars Plaintiff's forcible detainer suit for possession of the property.

ISSUE 2:     Whether the use of a 310 writ of possession was improper.

ISSUE 3:     Whether it was an error of law when the Trial Judge did not set a supersedeas bond

ISSUE 4:     Whether it is Judicial error when the presiding trial judge, Honorable Joe Carroll did not sign the Judgment order.

ISSUE 5:     Whether the issuance of a Writ of Possession from County Court, which was issued prematurely denied Appellant of due process of law.

ISSUE 6:     Whether in the Emergency Petition for Writ of Reentry hearing, the Trial Judge misapplied the law.

## STATEMENT OF FACTS

### Timeline

| | |
|---|---|
| 08/26/1997 | Kevin Bierwirth buys property at 3305 Spaniel Drive |
| 06/24/2005 | Kevin Bierwirth obtains Home Equity loan from State Bank. |
| 08/21/2010 | TIB files Rule 736 Application for judicial foreclosure. |
| 02/10/2011 | Bierwirth files suit for Declaratory Judgment. |
| 04/21/2011 | Summary judgment issued in favor of TIB. |
| 06/07/2011 | TIB foreclosed on Home Equity loan. |
| 06/30/2011 | Fannie Mae issued 3 day notice to vacate to Bierwirth. |
| 10/15/2012 | TIB issued Special Warranty Deed to Appellee. |

12

| | |
|---|---|
| 10/15/2012 | Fannie Mae sues for forcible detainer. Case #. C212068100 |
| 01/24/2013 | Fannie Mae issued 3 day notice to vacate to Bierwirth. |
| 02/08/2013 | First Writ of Possession is served on Bierwirth. |
| 05/08/2013 | Writ of Possession issued to occupant Mrs. Flores. |
| 06/05/2013 | Fannie Mae issued 3 day notice to vacate to Bierwirth |
| 07/10/2013 | Fannie Mae files suit for forcible detainer Case #13008316 |
| 08/22/2013 | Second Writ of Possession is served on Bierwirth |
| 03/25/2014 | Third Writ of Possession is served on Bierwirth |
| 05/01/2014 | Fourth Writ of Possession is served on Bierwirth |
| 05/06/2014 | Fannie Mae issued 3 day notice to vacate to Bierwirth. |
| 06/03/2014 | Fannie Mae sued Dana Dutschmann for FED #14074257. |

## ARGUMENTS AND AUTHORITIES
### ISSUE 1
**Whether the two year limitation period of Texas Civil Practice and Remedies Code §16.003 bars Plaintiff's forcible detainer suit for possession of the property**

Tex.Civ.Prac.& Rem. Code §16.003 states there is a 2 year statute of limitations for bringing suit for forcible entry and detainer and forcible detainer which is not later than two years after the day the cause of action accrues.

The sole issue in a forcible detainer suit is who has the right to immediate possession of the premises. *Fandey v. Lee*, 880 S.W.2d 164, 168 (Tex.App.—El Paso 1994, writ denied); *Cuellar v. Martinez*, 625 S.W.2d 3, 5 (Tex.Civ.App.—San Antonio 1981, no writ).

The exclusive purpose of an FED action is to provide a person who is entitled to the immediate possession of real property a legal remedy, rather than

13

force or violence, to gain possession of the property. To prevail in a forcible detainer action, a plaintiff is not required to prove title, but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possess. *Goggin v. Leo*, 849 S.W.2d 373, 377 (Tex.App.—Houston [14th Dist.] 1993, no writ).

In a forcible detainer action pursuant to §24.002 of the Texas Property Code, the plaintiff is required to show that (1) the plaintiff owned the property; (2) the defendant became a tenant at sufferance or at will; (3) the plaintiff gave proper notice to the defendant requiring him to vacate the premises; and (4) the defendant refused to vacate the premises. *Elwell v. Countrywide Home Loans, Inc.*, 267 S.W.3d 566, 568-69 (citing TEX.PROP.CODE ANN. §24.002 (West 2000).

Under Texas jurisprudence, the general rule to determine when the statute of limitations begins to accrue is the legal injury rule. *Rogers v. Ricane Enterprises, Inc.*, 930 S.W.2d 157 (Tex. App.—Amarillo, 1996, modified on rehearing, writ denied, rehearing of writ of error overruled)(stating, "For purpose of application of statutes of limitation, cause of action can generally be said to "accrue" when wrongful act effects injury, regardless of when plaintiff learned of injury.").

The exception is the continuous tort rule. *Upjohn Co. v. Freeman*, 885 S.W.2d 538 (Tex.App.—Dallas, 1994, rehearing denied, writ denied)(stating, "Typically, limitations period begins to run when claim accrues or when damages

14

are sustained; however, exception to this rule is found with continuing torts, as to which cause of action does not accrue until defendant's tortious act ceases.").

In other words, if the legal status of the tenant is constant over the passage of time, the legal injury rule applies; whereas if the legal status of the tenant changes with time the continuous tort rule applies. Note that in a rental case, the legal status of the tenant changes when he/she pays the rent, curing the default. However, that is not the case in the case of a tenant at sufferance, because the legal status of the tenant at sufferance remains as an unlawful detainer; unless and until he/she surrenders possession, is evicted, or enters an agreement with the landlord; notwithstanding being served with subsequent 3 day notices and the filing of FED actions.

The question of when a cause of action accrues is a judicial one to be determined with due regard to underlying statutory policy of repose, without, however, permitting unnecessary individual injustices. *Rogers v. Ricane Enterprises, Inc., (Tex.App—Amarillo, 1996)*. Where the language in a statute is unambiguous, the courts must seek the intent of the legislature as found in the plain and common meaning of the words and terms used. *RepublicBank Dallas, N.A. v Interkal, Inc.*, 691 S.W.2d 605, 607 (Tex. 1985); *Cail v. Service Motors*, Inc., 660 S.W.2D 814, 815 (Tex.1983).

15

The primary purpose of all limitation statutes is to compel the exercise of a right of action within a reasonable time so that the opposing party has a fair opportunity to defend while witnesses are available. *Sanchez v. Archdiocese of San Antonio*, 873 S.W.2d 87 (1994).

If the court opts to bypass the injury and continuous tort methods of the "accrual of action" it can determine the accrual by determining when the right of action begins. Appellant asserts that if this method of accrual is used, the time begins when a foreclosure sale takes place and the buyer at the foreclosure sale becomes the "landlord" and the former owner becomes the tenant at sufferance. Upon the filing of the foreclosure deed, the buyer/owner, would have a complete and present cause of action. The date of the deed or the filing would mark the date when the owner can file suit and gain relief. At that point, the landlord's right of action includes his right to possession. It is at that point that the "landlord" has the right to possession of the property and must exercise his speedy right of possession before the two year statute of limitations bars the action, if he chooses to use the speedy relief open to him via the justice court.

It could be argued that the 3 day notice to vacate is the accrual of action if one determines that the legal injury applies when determining limitations period. However, as the 3 day notice to vacate is a procedural requirement of a forcible

16

detainer action, not a substantive right to possession, the date of foreclosure would apply.

A landlord in a tenant at sufferance, (foreclosure) case could send a 3 day notice to vacate numerous times, but it does not reset nor alter the accrual of action which begins when the entity becomes the titled owner of record and acquires the right of possession or sustains an injury after the first 3 day notice to vacate is sent and ignored.

To give credence to a procedural requirement, i.e., notice to vacate, as the creation of a new cause of action or date of accrual, is a misinterpretation of the statute.

In the case of a tenant at sufferance, the right to possession accrues when a foreclosure sale is held and title is issued in the name of the purchaser at the sale, not when the procedurally required Notice to Vacate is served. Because forcible detainer is a statutory cause of action, a landlord must strictly comply with its requirements. *Kennedy v. Andover Place Apts.*, 203 S.W.3d 495, 497 (Tex.App.—Houst [14th Dist.] 2006, no pet.), ultimately, the landlord is suing for his right to possession.

A forcible detainer action is a special proceeding designed to be a speedy, simple, and inexpensive means to obtain immediate possession of the property. *Coinmach Corp. v. Aspenwood Apt. Corp.*, 417 S.W.3d 909, 919 (Tex. 2013);

17

*Marshall v. Hous. Auth. Of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006). Texas courts have repeatedly recognized that a judgment of possession in a forcible detainer action is a determination only of the right to immediate possession and does not determine the ultimate rights of the parties to any other issue in controversy relating to the property at issue. See, e.g., *Williams v. Bayview-Realty Assocs.*, 420 S.W.3d 358, 361 (Tex.App—Houston [14th Dist.] 2014, no pet.). *Federal Home Loan v. Pham, Crawford Block*, 1-13-00109-CV (Texas App.—Houston [14th Dist.] 2014).

It goes without saying that TIB/Fannie Mae was entitled to superior possession following a foreclosure sale on June 7, 2011. **CR p.80-83**. It was at that point that Appellant became a tenant at sufferance. TIB/Fannie Mae slept on its right to evict and never prosecuted to finality a forcible entry and detainer action or a forcible detainer action against Appellant, a tenant at sufferance who maintained possession after the sale. In the case before this Court, Appellant was not named in the present suit and was forced to intervene in order to exercise his superior right to possession because Fannie Mae was barred by limitations from gaining possession by a forcible detainer action.

Fannie Mae sued Appellant in justice court on October 15, 2012 for forcible detainer, but the suit was voluntarily dismissed because Appellee reasoned it could execute a writ of possession without going through a forcible detainer action.

18

After the posting of a 3 day letter to vacate dated June 5, 2013, Fannie Mae sued Appellant and his wife for possession on July 10, 2013 in Travis County justice court, Cause No. J2-CV-13-070643. Possession was awarded to Fannie Mae, the case was appealed and received by the county court on August 9, 2013, Cause No. C-1-CV-13-007413. Fannie Mae did not prosecute the action and waived its right to speedy possession in that instance.

In this case, Fannie Mae only sued in the name of the occupant of the tenant at sufferance, ostensibly in order to avoid Appellant's claim that Fannie Mae is time barred.

Appellant asserts that the limitations period began after foreclosure sale, when he became a tenant at sufferance. However, if the court determines the limitations period begins after sustaining an injury, Appellee would have suffered an injury when it sent the first 3 day notice to vacate on June 30, 2011, and the tenant at sufferance refused to vacate. The refusal to vacate gave rise to the forcible detainer cause of action, because at that point all the elements of Tex.Prop.C.§24.002 were satisfied. It was the Appellant's noncompliance with the June 30, 2011 three day notice to vacate that caused the injury and gave rise to the filing of a forcible detainer action in justice court. The legal status of the Appellant changed from tenant at sufferance to unlawful detainer

19

The trial court in the Travis County court for forcible detainer, Cause No. C-1-CV-14-006351 made an error of law which probably caused the rendition of an improper judgment. There is no question that Fannie Mae did not bring a forcible detainer action against intervening Appellant until after the 2 year statute of limitations had barred it from doing so, utilizing any of the formulas for determining accrual of action.. Therefore, judgment for possession could not have been awarded to Fannie Mae, it was barred by statute.

In *Coinmach*, Appellant was a commercial tenant that remained in possession for six years after it lost its lease when the property was sold through foreclosure. The tenant ultimately conceded that the foreclosure terminated the lease and, because the new owner immediately and continually insisted that the tenant vacate the premises, the tenant became a tenant at sufferance.

As a general rule, a cause of action accrues and the statute of limitations begins to run when facts come into existence that authorizes a party to seek a judicial remedy. *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 5145 (Tex. 1998); *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826 at 828 (Tex. 1991).

A cause of action accrues when a suit may be maintained thereon, and the statute of limitations therefore begins to run at that time. The statute of limitations begins to run when plaintiff first had the power to make a demand, such as a

demand for possession. Appellee, once it obtained title from its predecessor, had the power to bring an action for forcible detainer, as it had acquired the right to possession.

A cause of action generally accrues when facts come into existence which authorizes a claimant to seek a judicial remedy. *Trail Enters., v. City of Houston,* 957 S.W.2d 625, 631 (Tex.App.—Houston [14th Dist.] 1997, pet. denied)

It is the standard rules that accrual occurs when the plaintiff has 'a complete and present cause of action'. *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.,* 522 U.S. 192, 201 (U.S.S.Ct. 2007). That is, when "the plaintiff can file suit and obtain relief." *Bay Area Laundry,* supra, at 201.

A limitations period ordinarily does not begin to run until the plaintiff has a "complete and present cause of action." *Rawlings v. Ray,* 312 U.S. 96, 98 (1941).

Fannie Mae, when it was vested with title, had the right to possession and the right to a cause of action. The cause of action does not arise by the sending of a 3 day notice to vacate, that is a manifestation of the right, not the right itself. Appellant's right of possession to the subject property terminated upon foreclosure, and Appellant thereby became a tenant at sufferance. *Williams v. Deutsche Bank Nat'l Trust Co.,* No. 05-11-00434-CV, 2012 Tex. App. LEXIS 3352 *5-6 (Tex. App.—Dallas, Apr. 27, 2012, no pet.). Appellant became a tenant at sufferance immediately upon the foreclosure of the property under a deed of trust. *Williams,*

21

2012 Tex. App. LEXIS 3353 *5-6 (holding where substitute trustee's deed specifies that foreclosure was conducted under a deed of trust, mortgagor becomes tenant at sufferance immediately after foreclosure sale).

Forcible detainer is a special proceeding. One which determines a superior right to possession, however, the right to sue for forcible detainer is also meant to be speedy, thus the two year statute of limitations. If one has a right to possession and does not exercise its speedy remedy, it waives its right to sue for forcible detainer in justice court. That does not mean that it has lost its right to possession, it simply means that it has waived its right to the speedy, simple and inexpensive means to obtain immediate possession of the property. It is not bereft of all remedies, just the speedy one.

Laches would apply if the owner of the property was not barred by the two year statute of limitation. A party cannot drag its feet on exercising a remedy. It must sue for possession within two years of foreclosure sale or when it comes into possession of the property and the right to possession.

In the instant case, TIB foreclosed on June 7, 2011, Fannie Mae sent Kevin Bierwirth a 3 day notice to vacate on June 30, 2011, and filed an Original Petition for Forcible Detainer on November 7, 2012. After the posting of a 3 day letter to vacate dated June 5, 2013, Fannie Mae sued again on July 10, 2013 in Travis County justice court, Cause No. J2-CV-13-008316, but failed to prosecute the case.

It is clear from the timeline, using any method of accrual, that Fannie Mae was barred from utilizing a forcible detainer action either by June 8, 2013 or July 1, 2013.

Finally, to equate the accrual of action to the perspective of common law, Appellant reduces the problem to an analogy. If one receives a check in payment of a transaction, one holds the right to the money, not the money. If the check is not cashed within a certain period of time, the right to cash the check expires and the check becomes a worthless piece of paper. When the foreclosure deed is filed, the buyer has the right to possession, not the possession itself. If the buyer sleeps on that right, he is no longer entitled to the speedy remedy offered by forcible detainer in justice court. In this case, that date is June 8, 2013.

On the other hand, should the court determine that the accrual of the action is when the injury first occurs, i.e., after a 3 day notice to vacate is sent and the tenant at sufferance refuses to vacate, the date the statute began to run was June 30, 2011, more than two years before the case before the court was filed.

## ISSUE 2
### Whether the use of a 310 writ of possession was improper.

In the course of their defense of foreclosure, it became popular for a period of time for attorneys who worked for the foreclosing banks to present orders to judges after summary judgment in title suits in district court, that, in their belief,

23

would negate the necessity of eviction, or a forcible detainer action. Such is the case in this instance.

TIB filed for summary judgment in Appellant's Declaratory Judgment case and on April 21, 2011 was granted a Final Summary Judgment and Order Allowing Home Equity Foreclosure. **CR p.26-28** This order was appealed and subsequently, Appellant was ruled against.

A portion of the language of the Order reads:

IT IS FURTHER ORDERED, ADJUDGED and DECREED that this Judgment shall have all the force and effect of a writ of possession in favor of TIB and that this Court shall issue all necessary orders to effectuate same pursuant to Rule 310 of the Texas Rules of Civil Procedure.

Armed with a "Final Summary Judgment and Order Allowing Home Equity Foreclosure", **RR Exhibit Vol. Exhibit 2, pg. 2-A.**, in Cause No. D-1-GN-11-000417, Fannie Mae caused four TCRP Rule 310 writs to be served on Bierwirth personally. The constables who served them were at a loss as to what the writs were for, as the writs clearly show they are to satisfy a money judgment.

A 310 writ is issued after a 309 suit has been adjudicated.

A Tex.R.Civ.P. 310 writ of possession is an order foreclosing a lien upon real estate in a suit having for its object the foreclosure of such lien. In order to obtain a TRCP 310 writ, a suit must be filed pursuant to the rules in Tex.R.Civ.P 309: i.e., a judgment in a suit foreclosing a lien on real estate for the recovery of

debt, damages and costs. The foreclosure sale must be conducted by a sheriff or constable who then seizes the property for payment of the debt.

Further, after the sheriff's sale, Tex.R.Civ.P 310 states that the sheriff or other officer executing such order of sale shall proceed by virtue of such order of sale to place the purchaser of the property sold thereunder in possession thereof within thirty days after the day of sale. (A sheriff's deed).

In the instant case, no sale of the subject property was conducted by a sheriff or constable, and the writs were improper and therefore not executed. *Brown v. EMC Mortg. Corp.* 326 S.W.3d 648, 653-54 (Tex.App.—Dallas 2010, pet. denied). In *Brown*, the appeals court reasoned that the trail court made an error of law that probably caused the rendition of an improper judgment. *See* Tex.R.App.P.44.1."

The Brown court further reasoned that "The requirement that the sale of the property in a judicial foreclosure be conducted by a sheriff or constable is clear, unambiguous, and does not conflict with any provision of chapter 51. Indeed, chapter 51 distinguishes between foreclosure sales conducted under the chapter and those conducted under a court judgment foreclosing the lien. See id. §51.005(a)(2). Because nothing in chapter 51 conflicts with rule 309, we must assume that the legislature intended for judicial foreclosures to continue to be conducted by sheriffs or constables even after the enactment of chapter 51. Accordingly, the order of sale in this case is not in compliance with Texas law".

25

In this case, Fannie Mae's attorney makes reference to a foreclosure conducted pursuant to the summary judgment. **RR. Vol.2 pg. 6, l 22-24**. And again at **RR Vol.2, pg. 8, l. 2-4**. Fannie Mae claims it had the legal right to possession due to the summary judgment order.

In **RR Vol.2 pg. 27, l. 9-10**, Fannie Mae admits there was no sheriff's sale.

**RR Vol. 2 pg. 35, l. 17-25, RR Vol. 2, pg. 36, l..**, Fannie Mae admits that notice to vacate was served in November of 2011.

Appellee states that Fannie Mae already has a writ of possession against Bierwirth. **RR Vol. 2, pg. 51, l. 21-22**

The only writs of possession which have ever been served on Kevin Bierwirth, the tenant at sufferance, and the only party liable for possession, were writs issued pursuant to TRCP 310.

As a result of the summary judgment order, the First Writ of Possession issued on April 21, 2011, and was served by a Constable on February 13, 2013, with the notation: "Delivered copy of writ to Kevin Bierwirth in person at 3638 Spring Canyon Trail, Round Rock, TX. And seize any property located at 3305 Spaniel Drive, Austin, TX 78759. See APPENDIX Exhibit 2

A Second Writ of Possession was issued on August 22, 2013, and returned with the notation: I filed bankruptcy - #13-11730D, return per plaintiff. See Appendix Exhibit 3

A Third Writ of Possession issued on February 19, 2014, with the notation: Return un-served. Writ Expired on 3-21-14, when came to hand on 3-25-14. Plaintiff's attorney was notified on 4-1-14 @ 12:15 p.m.. Return to Court. See Appendix Exhibit 4

A Fourth Writ of Possession issued on April 22, 2014 with the notation: Executed on May 1, 2014 at 1:21 p.m. by Delivering copy of writ to Kevin Bierwirth. See APPENDIX Exhibit 5

Appellant's attorney, Stephen Casey discusses the holding in *Brown v. EMC* in **RR Vol. 2, pg. 52,53, 54,** and the fact that there was not a proper judicial foreclosure as ordered.

It is apparent that Appellee relied on a writ of possession for payment of a debt, incorrectly ordered and issued, instead of a writ of possession for the property, pursuant to a forcible detainer action.

Clearly, the TRCP 310 writ, although having been served four times over the course of three years is and always has been void. The writ did not issue as a result of a forcible entry and detainer, or forcible detainer suit.

Fannie Mae slept on its rights and is barred from filing the forcible detainer action and the attempt to execute a 310 writ is improper.

**ISSUE 3**
**Whether it was an error of law when the Trial Judge did not set a supersedeas bond**

The trial judge, when he issued the order for writ of possession, did not set an amount for supersedeas bond. Appellant asserts the absence of an amount of bond is judicial error. A reading of both Tex.R.Civ.P. 510.13, and Tex.Prop.C. §24.007 state: "the judgment of the county court may not be stayed unless within 10 days from the judgment the appellant files a supersedeas bond in an amount set by the county court."

This would lead an ordinary person to believe that it is the duty of the presiding judge in a county court which is conducting a trial de novo for forcible detainer to set a bond amount which would supersede the judgment until after appeal.

It cannot be presumed that the one against whom a judgment issued is not going to appeal, and be forced to once more go to the court in order to be able to get a supersedeas amount. This is not economy of the courts.

Because the statute is so clear that the amount is set by the county court, it is judicial error for the judge to **not** set an amount.

In this case, a Motion for Supersedeas Bond was filed with the Court on August 8, 2014, **CR p. 123**, the day after Judgment issued, **CR p. 124-125**. In order to be heard, the Motion must be set for hearing, and in order to be effective, it must be set before the 10 day deadline for filing the supersedeas bond. Despite numerous attempts to schedule the hearing, the Travis County clerk's office set a

28

date for the hearing on August 22nd, three days after execution of the judgment on the 19ᵗʰ of August, too late to stay the judgment, thus denying Appellant access to the court and due process.

The plain language rule of statutory construction states: Where the language is plain and admits of no more than one meaning the duty of interpretation does not arise. *Caminetti v. United States*, 242 U.S. 470, 485 (1917). Where the language of an enactment is clear and construction according to its terms does not lead to absurd or impracticable consequences, the words employed are to be taken as the final expression of the meaning intended. *United States v. Missouri Pac. R.R.Co.* 278 U.S. 269, 278 (1929)

## ISSUE 4
**Whether it is judicial error when the presiding trial judge, Honorable Joe Carroll did not sign the Judgment order.**

The presiding judge at the trial on August 5, 2014, was the Honorable Joe Carroll. **CR Vol.2 p. 1.** Judge Carroll did not sign the order of judgment which issued as a result of the hearing.

Appellee asserts that by not signing the order, Judge Carroll is in violation of the Texas Code of Judicial Conduct, Canons 2 and 3. It is the assertion of Appellant that if a retired judge accepts an assignment to the bench, it is his duty and obligation to conclude the business of the court, in particular, to sign the judgment he rendered in the case he heard.

Judge Eric M. Sheppard signed the order, **CR p. 124-125**, Appendix Exhibit 1, which states: "On August 5, 2014, the Court heard the Petition for Forcible Detainer brought by Federal National Mortgage Association, against Dana Dutschmann, AND/OR ALL OCCUPANTS OF 3305 Spaniel Drive, Austin, TX 78759."

Present in the court hearing on August 5, 2014, was Judge Joe Carrol, as presiding judge. Since Judge Sheppard did not attend the hearing and was not in court, would the signing of the judgment by a judge who was not present in court constitute impropriety?

Appellant believes that when the presiding judge, especially one who has been brought in on a temporary basis to hear a limited number of cases and then leave, does not sign the order in the case over which he presided, it is judicial error or malfeasance.

**ISSUE 5**
**Whether a premature issuance of a Writ of Possession from County Court denied Appellant of due process of law.**

The judgment in this case was signed by Judge Eric Shepard on August 7, 2014. A Writ of Possession issued on August 13, 2014, just six days later. Before the execution of the writ, which occurred on August 19, 2014, Appellant frantically attempted to obtain a hearing to set an amount to supersede the judgment, to no avail. The hearing was finally scheduled for August 22, 2014. Appellant's

attorney Stephen Casey consulted with opposing counsel and requested the writ be stayed until the hearing when it could be superseded. Opposing counsel would not agree to wait for the hearing.

Because he was forced to obtain a hearing in order to set a supersedeas bond amount which the trial court had failed to issue, and a hearing was not assigned for 14 days, Appellant asserts that he was denied access to an open court and due process.

In *Marshall v. Housing Authority City San Antonio*, 198 S.W.3d 782, (Tex. 2006), the record shows the following: "On November 1, 2002, the trail court entered judgment awarding the Housing Authority (1) possession of the apartment after November 14, 2002, (2) court costs, and (3) post-judgment interest. On November 8, 2002, Marshall filed a motion seeking suspension of enforcement of the judgment or, in the alternative, setting of a supersedeas bond. In the motion she specified that she intended to appeal. Following a hearing on November 7, 2002, a supersedeas bond amount was set pursuant to Texas Property Code Section 24.007, but Marshall did not post bond."

It appears from the opinion, that when the judgment issued on November 1, it was noted that the writ would not issue until November 14, a period of more than 10 days after the order. Further, when the court had set no bond, Marshall motioned for a supersedeas bond, and a hearing was held within the ten day period,

on November 7. Marshall was granted a hearing within 7 days of the order, which would allow her to file the supersedeas bond. It appears from the record that Marshall was afforded timely due process. Appellant was denied timely due process.

The fact that the writ issued on the 6th day after judgment, in contradiction to Tex.R.Civ.P 510.13 and Tex.Prop.C. §24.007, which allows a supersedeas bond to be filed within 10 days of the judgment, Appellant was denied due process and deprived of property without due course of the law of the land, a violation of the Texas Constitution Bill of Rights relating to deprivation of property without due process and equal treatment.

**ISSUE 6**
**Whether in the Emergency Petition for Writ of Reentry hearing, the Trial Judge misapplied the law.**

After the eviction, Appellant filed an Emergency Petition for Writ of Reentry on August 28, 2014. **CR p. 132-133.** The petition claimed that the court erred in issuing a writ before the 10th day after judgment and that Plaintiff was in violation of Tex.R.Civ.P. 510.13.

In its response to the Emergency Petition for Writ of Reentry, **CR p. 189-192,** Appellee claims it complied with all applicable procedural and substantive rules. In addition, Appellee claimed that Appellant had waived any objection to the form of the Judgment by failing to state such objection at the hearing on

32

August 5, and that the writ of reentry was moot because he was not in possession of the premises and there is no potential basis for his claim that he is entitled to actual possession of the premises.

Appellant's attorney Stephen Casey signed the proposed order: "Approved as to Form Only". This does not waive any right as to the substance of the order.

At the "emergency" hearing on the matter, on September 29, 2014, the first date the clerk was willing to set, Judge Sheppard, on October 13, 2014, denied the Petition. **CR p. 200**.

Although the order states that the writ of possession shall not issue until the expiration of five days from the date this judgment is signed, it cannot be binding because the language does not comply with the law. Both Tex.R.Civ.P 510.13 Appeal and Tex.Prop.C. §24.007, the rule and statute which apply to county court proceedings, state that an appellant has 10 days to file a supersedeas bond in an amount set by the court in order to stay execution of the writ.

At the hearing on the 29th of September, 2014, Appellant informs the court that pursuant to Tex.Prop.C. §24.007, the writ could not have issued before 10 days after the judgment issued. **RR V.1 of 1 p. 4, l. 24 – p. 5, l. 6** (Anderson).

Beginning on **RR V.1 of 1, p. 5, l. 12-16**,

The Court: "The rules require that the writ itself be issued within six day. So the writ has to be done within six days, that's the rule for the writ. That's why I

am asking you about this other rule because the writ is done within six days, that's what the rule requires.

Mr. Bierwirth: May I ask what rule it is.

The Court: Sure it's five something, let me get it.

Mr. Dent: Your Honor Rule 510.

The Court: It is 510 but there is a bunch of different subsections.

Mr. Bierwirth: I got 510.13.

The Court: That's why I asked you where you got the 10 day rule from.

Mr. Bierwirth: The county Courts always allow 10 days to put in a supersedeas bond Your Honor for to stay the writ while it's on appeal. And then it also says on the Texas Rules of Appellant Procedure that the Trial Court will determine the type.

The Court: Why would the appellate rules apply in this Court.

Mr. Bierwirth: For the bond, to set the bond amount. The bond was never set. And it states that for recovery of property for the judgment in this recovery of interest in the real personal property the Trail Court will determine....So it says when the judgment for the recovery of interest in rural (sic) or personal property the Trial Court will determine the type of security that the judgment debtor must post. And that wasn't done.

The Court: okay

Mr. Bierwirth: And then a writ was issued five days after the hearing. And a motion also was filed the very next day after the hearing to motion the Court to set the bond amount and it was ignored.

The Court: Okay, so what you're saying is there is a conflict in the rules. And the fact that the rule says the writ should be done within six days is in conflict with the rule that says you get a bond amount within 10 days. And that we have to wait the 10 days even though the rule says you have six days to issue the writ.

Mr. Bierwirth: Correct. I am not necessarily agreeing with the five day. Because why would the 10 days be there to superseded it if they can get a writ within five days.

The Court: What is your response to Mr. Bierwirth's claim that he gets 10 days for the supersedeas bond and that the motion for—the writ should not have issued.

Mr. Dent: I think he is talking about rule 510.13, that's a misreading. The rule actually says is that a judgment could be stayed if the bond is posted. In this case the bond was not posted, the writ was executed or issued within the timeframe as the rule say. And it was executed upon within the timeframe of the rules. And Mr. Bierwirth is no longer in possession of the property at this time."

Judge Sheppard's comments are disingenuous at the very least. It is difficult to imagine that Judge Sheppard does not understand that the appellate rules apply, because the county court acts as an appellate court in a trial de novo.

The "after five days the writ will issue rule" applies, with one exception, to the justice courts.

That exception is Tex.Prop.C. §24.0054, Tenant's failure to pay rent during appeal. (2) of said statute states that the county court shall immediately issue a writ of possession when the tenant has filed to timely pay the rent. (d) has the sixth day language in it which pertains to the county courts.

Appellant was under no obligation nor duty to pay rent and therefore Tex.Prop.C. §24.0054 does not apply and is misapplied by the judge.

Appellant asserts that the Court committed an error of law that caused the rendition of an improper judgment when it continued to claim that the county court has the right to issue a writ of possession before the 10th day after judgment.

Needless to say that counsel's statement of Mr. Bierwirth is no longer in possession of the property at this time is a ridiculous observation and has no bearing on a request for writ of reentry. If a person is still in their home, they would have no need for reentry.

## CONCLUSION

Fannie Mae, after a foreclosure sale, was vested with the right to possession of the property at 3305 Spaniel Drive. Fannie Mae had two years from the date of accrual of the action in which to evict Appellant from the property. Rather than prosecute forcible detainer actions, Fannie Mae served Appellant with four Rule 310 writs, which authorize the seizure of personal property by a constable or sheriff, to be sold to recover a debt which was the result of a foreclosure of a lien on property. None of the underlying requirements was met, there was no suit to foreclose, and no sheriff's sale. All conditions precedent for mandatory for 309 relief before issuance of a 310 writ.

Fannie Mae elected to waive suit on Appellant in justice court and was barred by limitations in the suit before this court.

Further, the court engaged in irregular process, would not set timely hearings in order to offer relief, and engaged in unseemly conduct.

## PRAYER

Appellant prays that this Court find that Appellee waived its right to a forcible detainer suit in justice court by delaying suit until the statute of limitations ran.

Appellant prays that this Court reverse the judgment of the lower court in all matters, including, the case was barred by statute of limitations, wrongful issuance

of writ before the mandatory tenth day given for Appellant to file a supersedeas bond, misapplication of the law for not setting a supersedeas bond amount, and misapplication of the laws and rules of the courts of Texas.

Appellant prays that this Court declare that the Travis County Court at Law # 2 has engaged in discriminatory and unconstitutional practice by not allowing Appellant an open court and to restore him to the status quo before this suit was filed.

Appellant prays that this Court reverse and render the judgment in the County Court at Law #2.

Respectfully submitted,

Kevin Bierwirth
13276 Research Blvd. Ste. 204
Austin, Texas 78750
(512) 825-0331

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the Appellant's Brief was sent by United States Postal Service on March 5, 2015 to the following:

Douglas G. Dent
6836 Bee Caves Road, Bldg. 3, Suite 303
Austin, TX 78746

## CERTIFICATE OF COMPLIANCE

I, Kevin Bierwirth, the undersigned, do hereby certify that the number of words in this Appellant's Brief is 8,575 words.

# APPENDIX

Exhibit 1
Judgment of the Court issued August 7, 2014

Exhibit 2
First Writ of Possession issued January 24, 2013

Exhibit 3
Second Writ of Possession issued August 22, 2013

Exhibit 4
Third Writ of Possession issued February 19, 2014

Exhibit 5
Fourth Writ of Possession issued April 22, 2014

Exhibit 6
Notice to Vacate dated June 30, 2011

Exhibit 7
Notice to Vacate dated January 24, 2013

Exhibit 8
Notice to Vacate dated June 5, 2013

Exhibit 9
Notice to Vacate dated May 6, 2014

Exhibit 10
Eviction Citation Cause Number J2-CV-13-070643 filed July 9, 2013

Exhibit 11
Eviction Citation Cause No.



# EXHIBIT 1

| | |
|---|---|
| **Federal National Mortgage Association**<br>**Plaintiff** | **IN THE COUNTY COURT** |
| **vs.** | |
| | **AT LAW NO. 2** |
| **Dana Dutschmann**<br>**AND/OR ALL OCCUPANTS OF**<br>**3305 Spaniel Drive**<br>**Austin, TX 78759** | |
| **Defendants** | **Travis County, Texas** |

## JUDGMENT

On August 5, 2014, the Court heard the Petition for Forcible Detainer brought by **Federal National Mortgage Association**, against **Dana Dutschmann, AND/OR ALL OCCUPANTS OF 3305 Spaniel Drive, Austin, TX 78759**, Defendants.

1. Plaintiff **Federal National Mortgage Association** appeared.

2. Defendants **Dana Dutschmann, AND/OR ALL OCCUPANTS OF 3305 Spaniel Drive, Austin, TX 78759** appeared.

3. Kevin Bierwirth filed a motion to intervene as Defendant and appeared.

4. The Court determined that it had proper jurisdiction over the parties and the cause and that venue was proper.

5. The court finds that this is a suit for forcible detainer relating to the premises at **3305 Spaniel Drive, Austin, Travis County, Texas 78759** (the "Premises").

6. On May 22, 2014, the petition was filed and **Dana Dutschmann, AND/OR ALL OCCUPANTS OF 3305 Spaniel Drive, Austin, TX 78759**, were properly served.

7. A trial was not demanded by Defendants.

8. A jury was not requested.

9. Having reviewed the evidence, and heard the evidence and arguments, the Court is of the opinion that the petition has been proven.

10. It is therefore ORDERED; ADJUDGED AND DECREED that **Federal National Mortgage Association** shall receive judgment for possession of the Premises. The Court further orders that a Writ of Possession will be granted ordering the Constable to place Federal National Mortgage Association in possession of the Premises. The Court further



000891660

orders that the Writ of Possession shall not issue until the expiration of five days from the date this judgment is signed.

11.    It is further, ORDERED, ADJUDGED and DECREED that **Federal National Mortgage Association** shall also have and recover from Defendants Dana Dutschmann and Kevin Bierwirth, jointly and severally, the following:

      a)    Attorney fees in the amount of $2,200.00;

      b)    Conditional additional attorney's fees in the amount of $7,500.00 if this matter is unsuccessfully appealed to the Court of Appeals;

      c)    Conditional additional attorney's fees in the amount of $5,000.00 if a petition for review with the Texas Supreme Court is granted, but thereafter this matter is unsuccessfully appealed to the Texas Supreme Court;

      d)    Costs incurred in prosecuting this case; and

      e)    Post-judgment interest on attorney and costs in this matter at the annual rate of five percent (5%), compounded annually.

Signed on August 7th, 2014.

Judge Presiding
County Court at Law No. 2
Travis County, Texas
**ERIC M. SHEPPERD**

**Approved as to Form and Entry Requested:**

/s/ Brian P. Casey
Brian P. Casey
6836 Bee Caves, Suite 272
Austin, TX 78746
**Counsel for Fannie Mae**

**Approved as to Form Only:**

Stephen Casey
595 Round Rock West Drive, Suite 102
Round Rock, TX 78681
**Counsel for Dana Dutschmann and Kevin Bierwirth**



**EXHIBIT 2**

THE STATE OF TEXAS      F I R S T   W R I T   O F   P O S S E S S I O N   Exec. Doc. CV13 Page 013

County of Travis         **CAUSE NO. D-1-GN-11-000417**

To the Sheriff or any Constable of any County of the State of Texas - GREETING:

WHEREAS, on the <u>APRIL 21, 2011</u>,
   DEFENDANT/GRANTEE, FEDERAL NATIONAL MORTGAGE ASSOCIATION, FOR TIB-THE INDEPENDENT BANKERSBANK, DEFENDANT/GRANTOR
recovered in the District Court of the 200TH JUDICIAL DISTRICT COURT in and for Travis County, a judgment against
   PLAINTIFF, KEVIN BIERWIRTH
for the sum of <u>$0.00</u> Dollars,

and for title to and possession of the following described property:

> LOT TWENTY-SIX (26), BLOCK "A", WALNUT CROSSING SECTION ONE, A SUBDIVISION IN TRAVIS COUNTY, TEXAS ACCORDING TO THE MAP OR PLAT RECORDED IN VOLUME 76, PAGE 292, OF THE PLAT RECORDS OF TRAVIS COUNTY, TEXAS. MAILING ADDRESS FOR THE PROPERTY IS 3305 SPANIEL DRIVE, AUSTIN, TEXAS 78759.

YOU ARE HEREBY COMMANDED, to seize the above described property and to deliver possession of the same to the said <u>DEFENDANT/GRANTEE</u>, and if the property cannot be found or if for other reasons delivery cannot be obtained, or should the proceeds of disposition of the above described property by <u>DEFENDANT/GRANTEE</u> be insufficient to satisfy the judgment, then out of the property, goods, chattels, lands, and tenements of said <u>PLAINTIFF</u> subject to execution under the law of this state you will cause to be made the said sum of money or balance thereof remaining unpaid, as in the case of ordinary executions.

YOU SHALL FORTHWITH execute this writ according to its terms and have said sums of money, together with this writ showing how you have executed the same, before said court, at the courthouse thereof in Austin, Texas, within <u>30</u> days.

WITNESS, AMALIA RODRIGUEZ- MENDOZA, Clerk of the District Courts of Travis County, Texas.

Given under my hand and seal of office at Austin, Texas, <u>January 24, 2013</u>.

REQUESTED BY:

                     AMALIA RODRIGUEZ-MENDOZA
                     Travis County District Clerk
                     Travis County Courthouse
                     1000 Guadalupe, P.O. Box 679003 (78767)
                     Austin, Texas 78701

                     ALEJANDRA MEDRANO-CHAPA, Deputy

In the District Court
___ County, Texas

FEB 5 2013
1:47 PM
_____ Rodriguez-Mendoza, Clerk

Unofficial copy - Travis Co District Clerk Vivol L. Price

**THE STATE OF TEXAS**     F I R S T   W R I T   O F   P O S S E S S I O N     Exec. Doc. CV13 Page 013

County of Travis           CAUSE NO. D-1-GN-11-000417

-- -- -- -- -- -- -- -- -- R E T U R N -- -- -- -- -- -- -- -- -- --

Came to hand this the _8_ day of _Feb_, _2013_ at _1108_ o'clock _A_ .M. Executed the _13_ Day of _Feb_, _2013_ at _1226_ o'clock _P_ .M. by _Delivering Copy of writ to Kevin Brerworth in person at 3638 Spray Canyon Trl., Round Rock Tx, and seizing property located at 3305 Spaniel Dr., Austin Tx 78759_

Service Fee: $ _____

ADAM BALLESTEROS CONSTABLE, PCT. 2, TRAVIS COUNTY, TEXAS

Sheriff / Constable

By: _____

Printed Name of Server

_____ County, Texas

D-1-GN-11-000417                  CONSTABLE            D38 - 000000150

☐ Original

Unofficial copy - Travis Co. District Clerk Velva L. Price

# EXHIBIT 3

THE STATE OF TEXAS        S E C O N D   W R I T   O F   P O S S E S S I O N    Exec. Doc. CV13 Page 013

County of Travis                    **CAUSE NO. D-1-GN-11-000417**


To the Sheriff or any Constable of any County of the State of Texas - GREETING:

WHEREAS, on the <u>APRIL 21, 2011,</u>

    DEFENDANT/GRANTEE, FEDERAL NATIONAL MORTGAGE ASSOCIATION, FOR TIB-THE INDEPENDENT
BANKERSBANK, DEFENDANT/GRANTOR
recovered in the District Court of the 200TH JUDICIAL DISTRICT COURT in and for Travis County, a
judgment against

    PLAINTIFF, KEVIN BIERWIRTH
for the sum of <u>$0.00</u> Dollars,

and for title to and possession of the following described property:

    LOT TWENTY-SIX (26), BLOCK "A", WALNUT CROSSING SECTION ONE, A SUBDIVISION IN TRAVIS
    COUNTY, TEXAS ACCORDING TO THE MAP OR PLAT RECORDED IN VOLUME 76, PAGE 292, OF THE
    PLAT RECORDS OF TRAVIS COUNTY, TEXAS.  MAILING ADDRESS FOR THE PROPERTY IS 3305
    SPANIEL DRIVE, AUSTIN, TEXAS 78759.

YOU ARE HEREBY COMMANDED, to seize the above described property and to deliver possession of the
same to the said <u>DEFENDANT/GRANTEE</u>, and if the property cannot be found or if for other reasons
delivery cannot be obtained, or should the proceeds of disposition of the above described property
by <u>DEFENDANT/GRANTEE</u> be insufficient to satisfy the judgment, then out of the property, goods,
chattels, lands, and tenements of said <u>PLAINTIFF</u> subject to execution under the law of this state
you will cause to be made the said sum of money or balance thereof remaining unpaid, as in the case
of ordinary executions.

YOU SHALL FORTHWITH execute this writ according to its terms and have said sums of money, together
with this writ showing how you have executed the same, before said court, at the courthouse thereof
in Austin, Texas, within <u>30</u> days.

WITNESS, AMALIA RODRIGUEZ- MENDOZA, Clerk of the District Courts of Travis County, Texas.

Given under my hand and seal of office at Austin, Texas, <u>AUGUST 22, 2013</u>.

REQUESTED BY:                                      AMALIA RODRIGUEZ-MENDOZA
                                                  Travis County District Clerk
                                                  Travis County Courthouse
                                                  1000 Guadalupe, P.O. Box 679003 (78767)
                                                  Austin, Texas 78701

                                                  By _____
                                                  LYDIA ANN MARTINEZ, Deputy


Unofficial copy - Travis Co. District Clerk Velva L. Price

# EXHIBIT 4

THE STATE OF TEXAS     THIRD WRIT OF POSSESSION     Exec. Doc. CV13 Page 013

County of Travis     **CAUSE NO. D-1-GN-11-000417**

**Filed In The District Court of Travis County, Texas**

To the Sheriff or any Constable of any County of the State of Texas - GREETING:

APR 07 2014

At _____ 1:42 p. ___ M.

Amalia Rodriguez-Mendoza, Clerk

WHEREAS, on the <u>APRIL 21, 2011</u>,

    DEFENDANT/GRANTEE, FEDERAL NATIONAL MORTGAGE ASSOCIATION, FOR TIB-THE INDEPENDENT BANKERSBANK, DEFENDANT/GRANTOR

recovered in the District Court of the 200TH JUDICIAL DISTRICT COURT in and for Travis County, a judgment against

    PLAINTIFF, KEVIN BIERWIRTH

for the sum of <u>$0.00</u> Dollars,

and for title to and possession of the following described property:

    LOT TWENTY-SIX (26), BLOCK "A", WALNUT CROSSING SECTION ONE (1) SUBDIVISION IN TRAVIS COUNTY, TEXAS ACCORDING TO THE MAP OR PLAT RECORDED IN VOLUME 76, PAGE 292, OF THE PLAT RECORDS OF TRAVIS COUNTY, TEXAS. MAILING ADDRESS FOR THE PROPERTY IS 3305 SPANIEL DRIVE, AUSTIN, TEXAS 78759.

YOU ARE HEREBY COMMANDED, to seize the above described property and to deliver possession of the same to the said <u>DEFENDANT/GRANTEE</u>, and if the property cannot be found or if for other reasons delivery cannot be obtained, or should the proceeds of disposition of the above described property by <u>DEFENDANT/GRANTEE</u> be insufficient to satisfy the judgment, then out of the property, goods, chattels, lands, and tenements of said <u>PLAINTIFF</u> subject to execution under the law of this state you will cause to be made the said sum of money or balance thereof remaining unpaid, as in the case of ordinary executions.

YOU SHALL FORTHWITH execute this writ according to its terms and have said sums of money, together with this writ showing how you have executed the same, before said court, at the courthouse thereof in Austin, Texas, within <u>30</u> days.

WITNESS, AMALIA RODRIGUEZ- MENDOZA, Clerk of the District Courts of Travis County, Texas.

Given under my hand and seal of office at Austin, Texas, <u>FEBRUARY 19, 2014</u>.

REQUESTED BY: LISA HARDEN
ROBERTSON/ANSCHUTZ
ATTORNEYS AT LAW
10333 RICHMOND AVE #550
HOUSTON, TEXAS 77042
TELEPHONE: (713)-980-9500

AMALIA RODRIGUEZ-MENDOZA
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, Texas 78701

By _____
    RUBEN TAMEZ, Deputy

Unofficial copy - Travis Co. District Clerk - Amalia Rodriguez-Mendoza

FILED
3:00 A.M. (P.M.)

FEB 21 2014

Justice of the Peace
Travis County, Pct. Two

TRAVIS COUNTY CONSTABLE

14 MAR 25 PH 3 04

RECEIVED

Page 1 of 2

THE STATE OF TEXAS      THIRD WRIT OF POSSESSION      Exec. Doc. CV13 Page 013

County of Travis      CAUSE NO. D-1-GN-11-000417

-- -- -- -- -- -- -- -- -- -- R E T U R N -- -- -- -- -- -- -- --

Came to hand this the _25_ day of _MARCH_, _2014_ at _304_ o'clock _P_.M. ~~Executed the~~

~~Day of~~ _____, _____ at ____ o'clock ___.M. by _____

Service Fee: $ _160.00_

RETURN UN-SERVED. WRIT EXPIRED ON 3-21-14, WHEN CAME to HAND ON 3-25-14. PLAINTIFF'S ATTORNEY WAS NOTIFIED ON 4-1-14 @ 1215 PM. RETURN TO COURT.

ADAN BALLESTEROS CONSTABLE PCT. 2, TRAVIS COUNTY, TEXAS

~~Sheriff /~~ Constable

By: _____ #205

Printed Name of Server    **DWIGHT BERTRAM**
                 **DEPUTY CONSTABLE**

PCT 2, TRAVIS       County, Texas

D-1-GN-11-000417          CONSTABLE          D38 - 000000161

☐ Original

Unofficial copy - Travis Co. District Clerk Amalia Rodriguez-Mendoza

FILED
3:00 A.M. P.M.

FEB 2 1 2014

Justice of the Peace
Travis County, Pct. No.

**EXHIBIT 5**

To the Sheriff or any Constable of any County of the State of Texas - GREETING:

WHEREAS, on the APRIL 21, 2011,

    DEFENDANT/GRANTEE, FEDERAL NATIONAL MORTGAGE ASSOCIATION, FOR TIB-THE INDEPENDENT BANKERSBANK,

recovered in the District Court of the 200TH JUDICIAL DISTRICT COURT in and for Travis County, a judgment against

    PLAINTIFF, KEVIN BIERWIRTH
for the sum of $0.00 Dollars,

and for title to and possession of the following described property:

    LOT TWENTY-SIX (26), BLOCK "A", WALNUT CROSSING SECTION ONE, A SUBDIVISION IN TRAVIS COUNTY, TEXAS ACCORDING TO THE MAP OR PLAT RECORDED IN VOLUME 76, PAGE 292, OF THE PLAT RECORDS OF TRAVIS COUNTY, TEXAS.  MAILING ADDRESS FOR THE PROPERTY IS 3305 SPANIEL DRIVE, AUSTIN, TEXAS 78759

YOU ARE HEREBY COMMANDED, to seize the above described property and to deliver possession of the same to the said DEFENDANT/GRANTEE, and if the property cannot be found or if for other reasons delivery cannot be obtained, or should the proceeds of disposition of the above described property by DEFENDANT/GRANTEE be insufficient to satisfy the judgment, then out of the property, goods, chattels, lands, and tenements of said PLAINTIFF subject to execution under the law of this state you will cause to be made the said sum of money or balance thereof remaining unpaid, as in the case of ordinary executions.

YOU SHALL FORTHWITH execute this writ according to its terms and have said sums of money, together with this writ showing how you have executed the same, before said court, at the courthouse thereof in Austin, Texas, within 30 days.

WITNESS, AMALIA RODRIGUEZ- MENDOZA, Clerk of the District Courts of Travis County, Texas.

Given under my hand and seal of office at Austin, Texas, April 22, 2014.

REQUESTED BY:
LISA HARDEN
ROBERTSON/ANSCHUTZ
10333 RICHMOND AVE., STE 550
HOUSTON, TX 77042
BUSINESS PHONE:(713)980-9500
FAX:(713)888-2703

AMALIA RODRIGUEZ-MENDOZA
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPAERD BY: BARI HENSON

Unofficial Copy - Travis Co. District Clerk - Amalia L. Price

TRAVIS COUNTY CONSTABLE
PCT. 5
14 APR 23 PM 2: 30
RECEIVED

THE STATE OF TEXAS     FOURTH W R I T  O F  P O S S E S S I O N   Exec. Doc. CV13   Page

County of Travis        **CAUSE NO.  D-1-GN-11-000417**                  013

-- - -- - - - -- - -- R E T U R N -- - -- - - -- - -- - -- - --

Came to hand this the _23_ day of _April_ , _2014_ at _230_ o'clock _P_ .M.  Executed the _1_

Day of _May,_ , _2014_ at _121_ o'clock _P_ .M. by _Delivering Copy of_

_writ to Kevin Brewington_

Service Fee: $ _____

**ADAN BALLESTEROS CONSTABLE, PCT. 2, TRAVIS COUNTY, TEXAS**

Sheriff / Constable

By: _D. Miller_

Printed Name of Server

_____ County, Texas

D-1-GN-11-000417               CONSTABLE, PCT. 2              P38 - 000000003

▢ Original

Unofficial Copy - Travis Co. District Clerk Velva L. Price

# EXHIBIT 6

# ROBERTSON | ANSCHUTZ

### ATTORNEYS AT LAW

RUTH W. GARNER
rgarner@radocs.com

10333 Richmond Avenue, Suite 550
HOUSTON, TEXAS 77042
TELEPHONE (713) 241-1390
TELECOPY (713) 888-2703

Website www.radocs.com

June 30, 2011

Loan No. 1419975022

Kevin Bierwirth
3638 Spring Canyon Trail
Round Rock TX 78681

**SENT BY CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**AND BY REGULAR MAIL**

Re:     **Notice to Vacate the Premises**
        Investor No.:    **4004487819**
        Property:        **3305 Spaniel Drive, Austin, TX  78759**

Dear Kevin Bierwirth:

This firm represents **Federal National Mortgage Association**, the new owner of the property identified above. That new owner acquired the property through a foreclosure sale held on **June 07, 2011**. Whether you were a tenant of the prior owner or whether you were an owner that held title subject to the lien that was foreclosed, you no longer have the right to occupy the property.

The purpose of this letter is to give formal demand for possession and formal notice that you must vacate the property within three (3) days from the date this letter is delivered to the property. If you do not vacate the property before the expiration of those three (3) days this law firm will, shortly thereafter, file a forcible detainer (eviction) suit against you. If you remain in the property more than ten (10) days after you receive this letter and if this law firm files a forcible detainer (eviction) suit, you may be liable for our client's attorney's fees and its court costs. You may also be liable for the reasonable rental value of the property. Your **immediate attention** to this matter is required. **Please begin to vacate all of your personal belongings quickly!**

This letter was sent by both certified mail and regular mail. Should you refuse delivery of the certified letter, please be advised that you are still on notice of the contents of this letter. Your refusal to accept the certified letter will not delay the eviction.

## SPECIAL NOTICE TO TENANTS

If you were a tenant of the prior owner you may be entitled to thirty days notice before suit is filed. You have the right to thirty days notice prior to our filing suit if, and only if, you were a tenant of the prior owner at the time of the foreclosure, you continued to timely pay rent to that owner up to the date you received this letter **and** you were entirely unaware of the foreclosure when you last paid rent. If you meet these criteria, you have thirty days to vacate and you should consider this letter formal demand for possession and formal notice that you must vacate within that time. That thirty day period will begin on the date this letter is delivered to the property.

RA0277175 - NotToVacate-00.for - Rev. 08/05/2009

**EXHIBIT 7**

# ROBERTSON | ANSCHUTZ

RUTH W. GARNER
rgarner@radocs.com

**ATTORNEYS AT LAW**
10333 Richmond Avenue, Suite 550
HOUSTON, TEXAS 77042
TELEPHONE (713) 244-1390
TELECOPY (713) 888-2703

Website www.radocs.com

**January 24, 2013**

Loan No. 1419975022

Kevin Bierwirth
13276 Research Blvd. #204
Austin, TX 78750

**SENT BY CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**AND BY REGULAR MAIL**

Re:  Notice to Vacate the Premises
  Investor No.:  4004487819
  Property:  **3305 Spaniel Drive, Austin, TX 78759**

Dear Kevin Bierwirth:

This firm represents **Federal National Mortgage Association**, the new owner of the property identified above. That new owner acquired the property through a foreclosure sale held on **June 07, 2011**.

The purpose of this letter is to give formal demand for possession and formal notice that you must vacate the property within three (3) days from the date this letter is delivered to the property. If you do not vacate the property before the expiration of those three (3) days this law firm will, shortly thereafter, file a forcible detainer (eviction) suit against you. If you remain in the property more than ten (10) days after you receive this letter and if this law firm files a forcible detainer (eviction) suit, you may be liable for our client's attorney's fees and its court costs. You may also be liable for the reasonable rental value of the property. Your **immediate attention** to this matter is required. **Please begin to vacate all of your personal belongings quickly!**

This letter was sent by both certified mail and regular mail. Should you refuse delivery of the certified letter, please be advised that you are still on notice of the contents of this letter. Your refusal to accept the certified letter will not delay the eviction.

## SPECIAL NOTICE TO TENANTS

Notwithstanding this demand, if you are a bona fide tenant who executed a lease after May 20, 2009 with the mortgagor of the Premises in an arms-length transaction, and for a substantially fair market rent or under a federal, state or local subsidized or reduced rent, and you are not a child, spouse or parent of the mortgagor on the property, then demand is hereby made that you vacate the Premises within ninety (90) days after this notice is delivered, for so long as you make each payment for this 90 day period to the Purchaser, as it becomes due under the lease. Additionally, if your lease was executed prior to **May 16, 2011**, then you may remain in the Premises until the end of the term of your lease for so long as you make each payment to the Purchaser as it becomes due under the lease, subject to a subsequent ninety (90) day notice to vacate which may be sent if the Premises is sold to a person for their primary residence.

RA0277175 - NotToVacate-00.for - Rev. 04/26/2012

If you claim to be a tenant or subtenant of the mortgagor, then within three (3) days after delivery of this notice, please notify the undersigned in writing at the above address of the tenancy and provide: (a) a copy of your lease or rental agreement, or if you do not have a written lease or rental agreement a written explanation of the terms of the agreement under which you occupy the property, including the date you entered into the agreement, the names of all parties who entered into the agreement, the term of the agreement, the amount of the monthly rent, any utilities paid by the landlord, the amount of your security deposit, and whether you receive assistance under the Department of Housing and Urban Development's Section 8 Housing Program; (b) proof of your last rental payment and any security deposit; (c) list of any conditions at the property that require repair; and (d) whether you are the child, spouse or parent of the mortgagor.

If you fail to vacate the Premises pursuant to this notice, a Forcible Entry and Detainer suit shall be filed in the Justice Court for possession of the Premises, without further notice to you. Upon entry of Judgment, the Purchaser will seek to enforce all of its rights, including obtaining possession of the Premises, eviction, and possession or removal of all personal property from the Premises upon which your personal belongings would be removed and subject to loss.

This notice also serves as a Notice of Termination and Nonrenewal of any leases and tenancies which survive the foreclosure sale pursuant to the terms of this notice.

If you are an active member of the United States Armed Forces or a dependant of an active Service Member, you may be entitled to rights as provided in the Servicemembers Civil Relief Act. In such case, you or your attorney should contact this law firm immediately to determine if you fall under the protection of the Act.

This is an attempt to collect a debt and any information provided will be used for that purpose.

Sincerely,

Robertson & Anschutz
10333 Richmond Avenue, Suite 550
Houston, TX 77042

Ruth W. Garner

CC:
     Via first class mail

**EXHIBIT 8**

# ROBERTSON ANSCHUTZ VETTERS

RUTH W. GARNER
rgarner@ravdocs.com

**ATTORNEYS AT LAW**
10333 Richmond Avenue, Suite 550
HOUSTON, TEXAS 77042
TELEPHONE (713) 244-1390
TELECOPY (713) 888-2703

Website www.ravdocs.com

June 05, 2013

Loan No. **1419975022**

Kevin Bierwirth
13276 Research Blvd. #204
Austin, TX 78750

**SENT BY CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**AND BY REGULAR MAIL**

Re:    **Notice to Vacate the Premises**
       Investor No.:    **4004487819**
       Property:       **3305 Spaniel Drive, Austin, TX  78759**

Dear **Kevin Bierwirth**:

This firm represents **Federal National Mortgage Association**, the new owner of the property identified above. That new owner acquired the property through a foreclosure sale held on **June 07, 2011**.

The purpose of this letter is to give formal demand for possession and formal notice that you must vacate the property within three (3) days from the date this letter is delivered to the property. If you do not vacate the property before the expiration of those three (3) days this law firm will, shortly thereafter, file a forcible detainer (eviction) suit against you. If you remain in the property more than ten (10) days after you receive this letter and if this law firm files a forcible detainer (eviction) suit, you may be liable for our client's attorney's fees and its court costs. You may also be liable for the reasonable rental value of the property. Your **immediate attention** to this matter is required. **Please begin to vacate all of your personal belongings quickly!**

This letter was sent by both certified mail and regular mail. Should you refuse delivery of the certified letter, please be advised that you are still on notice of the contents of this letter. Your refusal to accept the certified letter will not delay the eviction.

## SPECIAL NOTICE TO TENANTS

Notwithstanding this demand, if you are a bona fide tenant who executed a lease after May 20, 2009 with the mortgagor of the Premises in an arms-length transaction, and for a substantially fair market rent or under a federal, state or local subsidized or reduced rent, and you are not a child, spouse or parent of the mortgagor on the property, then demand is hereby made that you vacate the Premises within ninety (90) days after this notice is delivered, for so long as you make each payment for this 90 day period to the Purchaser, as it becomes due under the lease. Additionally, if your lease was executed prior to **May 16, 2011**, then you may remain in the Premises until the end of the term of your lease for so long as you make each payment to the Purchaser as it becomes due under the lease, subject to a subsequent ninety (90) day notice to vacate which may be sent if the Premises is sold to a person for their primary residence.

If you claim to be a tenant or subtenant of the mortgagor, then within three (3) days after delivery of this notice, please notify the undersigned in writing at the above address of the tenancy and provide: (a) a copy of your lease or rental agreement, or if you do not have a written lease or rental agreement a written explanation of the terms of the agreement under which you occupy the property, including the date you entered into the agreement, the names of all

RA0277175 - NotToVacate-00.for - Rev. 02/21/2013

parties who entered into the agreement, the term of the agreement, the amount of the monthly rent, any utilities paid by the landlord, the amount of your security deposit, and whether you receive assistance under the Department of Housing and Urban Development's Section 8 Housing Program; (b) proof of your last rental payment and any security deposit; (c) list of any conditions at the property that require repair; and (d) whether you are the child, spouse or parent of the mortgagor.

If you fail to vacate the Premises pursuant to this notice, a Forcible Entry and Detainer suit shall be filed in the Justice Court for possession of the Premises, without further notice to you. Upon entry of Judgment, the Purchaser will seek to enforce all of its rights, including obtaining possession of the Premises, eviction, and possession or removal of all personal property from the Premises upon which your personal belongings would be removed and subject to loss.

This notice also serves as a Notice of Termination and Nonrenewal of any leases and tenancies which survive the foreclosure sale pursuant to the terms of this notice.

If you are an active member of the United States Armed Forces or a dependant of an active Service Member, you may be entitled to rights as provided in the Servicemembers Civil Relief Act. In such case, you or your attorney should contact this law firm immediately to determine if you fall under the protection of the Act.

This is an attempt to collect a debt and any information provided will be used for that purpose.

Sincerely,

Robertson Anschutz Vetters
10333 Richmond Avenue, Suite 550
Houston, TX 77042

Ruth W. Garner

CC:
    Via first class mail

RA0277175 - NotToVacate-00.for - Rev. 02/21/2013



**EXHIBIT 9**

# ROBERTSON ANSCHUTZ VETTERS

Jeffry B. Lewis
JLewis@RAVDocs.com

ATTORNEYS AT LAW
10333 Richmond Avenue, Suite 550
HOUSTON, TEXAS 77042
TELEPHONE (713) 244-1390
TELECOPY (713) 888-2703

Website www.ravdocs.com

May 06, 2014

Loan No. 1419975022

Kevin Bierwirth
13276 Research Blvd. #204
Austin, TX 78750
Re: **Notice to Vacate the Premises**
Investor No.: 4004487819
Property: 3305 Spaniel Drive, Austin, TX 78759

**SENT BY CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**AND BY REGULAR MAIL**

Dear **Kevin Bierwirth**:

This firm represents **Federal National Mortgage Association**, the new owner of the property identified above. That new owner acquired the property through a foreclosure sale held on **June 07, 2011**.

The purpose of this letter is to give formal demand for possession and formal notice that you must vacate the property within three (3) days from the date this letter is delivered to the property. If you do not vacate the property before the expiration of those three (3) days this law firm will, shortly thereafter, file a forcible detainer (eviction) suit against you. If you remain in the property more than ten (10) days after you receive this letter and if this law firm files a forcible detainer (eviction) suit, you may be liable for our client's attorney's fees and its court costs. You may also be liable for the reasonable rental value of the property. Your **immediate attention** to this matter is required. **Please begin to vacate all of your personal belongings quickly!**

This letter was sent by both certified mail and regular mail. Should you refuse delivery of the certified letter, please be advised that you are still on notice of the contents of this letter. Your refusal to accept the certified letter will not delay the eviction.

## SPECIAL NOTICE TO TENANTS

Notwithstanding this demand, if you are a bona fide tenant who executed a lease after May 20, 2009 with the mortgagor of the Premises in an arms-length transaction, and for a substantially fair market rent or under a federal, state or local subsidized or reduced rent, and you are not a child, spouse or parent of the mortgagor on the property, then demand is hereby made that you vacate the Premises within ninety (90) days after this notice is delivered, for so long as you make each payment for this 90 day period to the Purchaser, as it becomes due under the lease. Additionally, if your lease was executed prior to **May 16, 2011**, then you may remain in the Premises until the end of the term of your lease for so long as you make each payment to the Purchaser as it becomes due under the lease, subject to a subsequent ninety (90) day notice to vacate which may be sent if the Premises is sold to a person for their primary residence.

RA0277175 - NotToVacate-00.for - Rev. 12/18/2013

If you claim to be a tenant or subtenant of the mortgagor, then within three (3) days after delivery of this notice, please notify the undersigned in writing at the above address of the tenancy and provide: (a) a copy of your lease or rental agreement, or if you do not have a written lease or rental agreement a written explanation of the terms of the agreement under which you occupy the property, including the date you entered into the agreement, the names of all parties who entered into the agreement, the term of the agreement, the amount of the monthly rent, any utilities paid by the landlord, the amount of your security deposit, and whether you receive assistance under the Department of Housing and Urban Development's Section 8 Housing Program; (b) proof of your last rental payment and any security deposit; (c) list of any conditions at the property that require repair; and (d) whether you are the child, spouse or parent of the mortgagor.

If you fail to vacate the Premises pursuant to this notice, a Forcible Entry and Detainer suit shall be filed in the Justice Court for possession of the Premises, without further notice to you. Upon entry of Judgment, the Purchaser will seek to enforce all of its rights, including obtaining possession of the Premises, eviction, and possession or removal of all personal property from the Premises upon which your personal belongings would be removed and subject to loss.

This notice also serves as a Notice of Termination and Nonrenewal of any leases and tenancies which survive the foreclosure sale pursuant to the terms of this notice.

If you are an active member of the United States Armed Forces or a dependant of an active Service Member, you may be entitled to rights as provided in the Servicemembers Civil Relief Act. In such case, you or your attorney should contact this law firm immediately to determine if you fall under the protection of the Act.

This is an attempt to collect a debt and any information provided will be used for that purpose.

Sincerely,

Robertson Anschutz Vetters
10333 Richmond Avenue, Suite 550
Houston, TX 77042

Jeffry B. Lewis

Via first class mail

**FAILURE TO APPEAR FOR TRIAL MAY RESULT IN A DEFAULT JUDGMENT BEING ENTERED AGAINST YOU.**

**SUIT TO EVICT**

**THIS SUIT TO EVICT INVOLVES IMMEDIATE DEADLINES. A TENANT WHO IS SERVING ON ACTIVE MILITARY DUTY MAY HAVE SPECIAL RIGHTS OR RELIEF RELATED TO THIS SUIT UNDER FEDERAL LAW, INCLUDING THE SERVICE MEMBERS CIVIL RELIEF ACT (50 U.S.C. APP. SECTION 501 ET SEQ.), OR STATE LAW, INCLUDING SECTION 92.017, TEXAS PROPERTY CODE. CALL THE STATE BAR OF TEXAS TOLL-FREE AT 1-877-9TEXBAR IF YOU NEED HELP LOCATING AN ATTORNEY. IF YOU CANNOT AFFORD TO HIRE AN ATTORNEY, YOU MAY BE ELIGIBLE FOR FREE OR LOW-COST LEGAL ASSISTANCE.**

RA0277175 - NotToVacate-00.for - Rev. 12/18/2013

CERTIFIED MAIL

N. HOUSTON

91 7108 2133 3939 6166 0707

# EXHIBIT 10

25D

22130085316

> > > > > **EVICTION CITATION** < < < < <

THE STATE OF TEXAS

DELIVERED THIS 10 DAY OF July, 20 13
ADAN BALLESTEROS
CONSTABLE, PREC. 2, TRAVIS COUNTY, TEXAS
BY_____
DEPUTY

TO:   KEVIN BIERWIRTH ET AL
      3305 SPANIEL DRIVE
      AUSTIN TX 78759

Defendant, in the hereinafter styled and numbered cause:
YOU HAVE BEEN SUED. You may employ an attorney. YOU ARE HEREBY ORDERED TO APPEAR before JUDGE GLENN BASS, JUSTICE OF THE PEACE for a hearing on

**JULY 24, 2013 at 11:30 AM**

at 10409 Burnet Rd. Ste. 180, Austin, Texas 78758.

FAILURE TO APPEAR FOR TRIAL MAY RESULT IN DEFAULT JUDGMENT BEING ENTERED AGAINST YOU FOR POSSESSION OF THE PREMISES AND/OR RENTS AND COSTS. PLEASE REVIEW THE ATTACHED PETITION THE PLAINTIFF WANTS TO EVICT YOU! THIS SUIT TO EVICT INVOLVES IMMEDIATE DEADLINES. CALL THE STATE BAR OF TEXAS TOLL-FREE AT 1-877-9TEXBAR IF YOU NEED HELP LOCATING AN ATTORNEY. IF YOU CANNOT AFFORD TO HIRE AN ATTORNEY, YOU MAY BE ELIGIBLE FOR FREE OR LOW-COST LEGAL ASSISTANCE. A TENANT WHO IS SERVING ON ACTIVE MILITARY DUTY MAY HAVE SPECIAL RIGHTS OR RELIEF RELATED TO THIS SUIT UNDER FEDERAL LAW, INCLUDING THE SERVICEMEMBERS CIVIL RELIEF ACT (50 U.S.C. APP. SECTION 501 ET SEQ.), OR STATE LAW, INCLUDING SECTION 92.017, TEXAS PROPERTY CODE.

*EN CUANTO A ESTA DEMANDA DE DESALOJAMIENTO, EXISTEN FECHAS LIMITES PROXIMAS QUE DEBERAN CUMPLIRSE. SI REQUIERE ALGUN TIPO DE AYUDA PARA ENCONTRAR UN ABOGADO, POR FAVOR LLAME AL COLEGIO DE ABOGADOS DEL ESTADO DE TEXAS, MARCANDO 1-877-9TEXBAR (ES UNA LLAMADA GRATUITA). SI NO DISPONE DE RECURSOS NECESARIOS PARA CONTRATAR UN ABOGADO, ES POSIBLE QUE CALIFQUE PARA RECIBIR AYUDA LEGAL GRATUITA O DE BAJO COSTO. UN INQUILINO QUE SE ENCUENTRE EN SERVICIO ACTIVO EN LAS FUERZAS ARMADAS PUEDE TENER DERECHOS ESPECIALES O PROTECCTION, RELATIVE A ESTA DEMANDA AL AMPARO DE LO ESTABLECIDO POR LAS LEYES FEDERALES. INCLUYENDO LA LEY PARA INCLUYENDO LA LEY PARA LA PROTECCION CIVIL DE MIEMBROS DE LAS FUERZAS ARMADAS 50 U.S.C. APP. SECTION 501 ET SEQ.) O POR LAS LEYES DEL ESTANDO, INCLUYENDO LA SECCION 92.017, DEL CODIGO DE PROPIEDAD DE TEXAS.*

Your Cause Number of **J2-CV-13-070643** and your case styled **FEDERAL NATIONAL MORTGAGE ASSOCIATION VS. KEVIN BIERWIRTH, ALETHA ANN JASO-KEITH AND/OR ALL OCCUPANTS** was filed in Justice Court, Precinct 2, on July 05, 2013. In order to obtain a jury trial, you must request one and pay a jury fee of five dollars no later than 5 days after you are served with this citation. Issued and given under my hand on July 09, 2013.

_____
Judge Glenn Bass, JUSTICE OF THE PEACE, PRECINCT 2
10409 BURNET RD., STE 180, AUSTIN, TEXAS 78758

_____
Court Clerk

Court Clerk
Travis County
Justice of the Peace
Precinct Two

RECEIVED

Plaintiff/Plaintiff Agent/Plaintiff Attorney (if applicable):
RUTH W GARNER
10333 RICHMOND AVENUE
SUITE 550
HOUSTON TX 77042

## > > > > > EVICTION CITATION < < < < <
### Judge Glenn Bass, Justice of the Peace, Precinct 2
### Cause Number J2-CV-13-070643
### FEDERAL NATIONAL MORTGAGE ASSOCIATION VS. KEVIN BIERWIRTH, ALETHA ANN JASO-KEITH AND/OR ALL OCCUPANTS

- - - - - - - - - - OFFICER'S RETURN - - - - - - - - - -

Came to the hand on the _____ day of _____, 20____ at _____ o'clock _____. M.
Executed at _____ within County of _____ at
_____ o'clock _____. M. on the _____ day of _____, 20_____, by delivering to the within named

_____

a true copy of this citation together with the accompanying copy of the petition having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.
To certify which witness my hand officially: _____

Constable, Pct. 2 of Travis County, Texas
By Deputy _____

CAUSE NO. J2-CV-13-070643

| | |
|---|---|
| Federal National Mortgage Association<br>Plaintiff | IN THE JUSTICE OF PEACE |
| vs. | |
| | PRECINCT 2 |
| Kevin Bierwirth and Aletha Ann Jaso-Keith<br>AND/OR ALL OCCUPANTS OF<br>3305 Spaniel Drive<br>Austin, TX 78759<br>Defendants | Travis County, Texas |

## ORIGINAL PETITION FOR FORCIBLE DETAINER

TO THE HONORABLE JUDGE OF SAID COURT:

Federal National Mortgage Association, hereafter referred to as "Plaintiff", complains of Kevin Bierwirth and Aletha Ann Jaso-Keith, AND/OR ALL OCCUPANTS OF 3305 Spaniel Drive, Austin, TX 78759, hereafter referred to as "Defendants", whether one or more, and for cause of action shows:

1. Plaintiff owns certain real property in Travis County, Texas, commonly known as 3305 Spaniel Drive, Austin, TX 78759, hereafter and the "Property." Defendants presently occupy the Property. The Property lies within the jurisdiction of this Court and the Defendants may be served with process at the Property. Plaintiff knows of no other home or work addresses of the Defendants in the county where the Property is located. Accordingly, if service is unsuccessful under T.R.C.P. 742, citation may be served under T.R.C.P. 742a.

2. On or about June 24, 2005, Kevin Bierwirth executed a Deed of Trust covering the Property. The Deed of Trust was a first lien on the Property and secured the payment of a promissory note in the original principal amount of $105,800.00, hereafter the "Note." The Deed of Trust was duly recorded in the real property records of the county in which the Property is located. A true and correct copy of the Deed of Trust is attached as Exhibit "A" and incorporated as if fully set forth herein.

3. Due to default in the payment of the Note, the Holder of the Note asked the trustee or substitute trustee under the Deed of Trust to conduct a non-judicial foreclosure sale. The sale was duly conducted in accordance with the laws of the State of Texas and after that sale; Plaintiff acquired the Property, the possession of which is

the subject of this suit. A true and correct copy of that Foreclosure Sale Deed is attached as Exhibit "B" and incorporated as if fully set forth herein.

4.    Pursuant to the terms of the Deed of Trust under which the foreclosure sale was duly conducted, and as a result of the foreclosure sale under that Deed of Trust, Defendants became a mere tenant at sufferance. Any lease, contract, or deed between Defendants and any person other than Plaintiff was inferior or subject to the foreclosed security document. Moreover, subsequent to the foreclosure sale, Plaintiff has not entered into any lease or agreement with Defendants whereby Defendants may retain possession of the property, or, if any such lease or agreement was entered into, it has been properly terminated. Consequently, Defendants have no right, either in law or in equity, to remain in possession of the Property.

5.    Pursuant to Sec. 24.005 of the Property Code, Plaintiff delivered to Defendants, by both regular and certified mail, return receipt requested, the requisite notice to vacate. A true and correct copy of that notice is attached as Exhibit "C" and incorporated as if fully set forth herein. Defendants received that notice more than three (3) days prior to the filing of this suit. Despite that notice, Defendants refused and refuses to relinquish possession of the Property.

6.    The property was conveyed to Federal National Mortgage Association by a Special Warranty Deed recorded **October 26, 2012**, under Clerk's File No. **Instrument No. 2012181504** in the Official Public Records of **Travis** County, Texas. A true and correct copy of the Special Warranty Deed is attached as Exhibit "D" and incorporated as if fully set forth herein.

WHEREFORE, Plaintiff requests that Defendants be cited to appear and answer, and that on final trial:

1.    Defendants are adjudged guilty of forcible detainer;

2.    Restitution of the Property is made to Plaintiff;

3.    Plaintiff recovers its attorney's fees;

4.    Plaintiff recovers from Defendants all damages, including the reasonable rental value of the Property, and costs;

5.    Plaintiff recovers such other and further relief to which Plaintiff may be justly entitled.

Respectfully Submitted,

ROBERTSON ANSCHUTZ VETTERS

By: _Ruth Garner_
Ruth W. Garner
TBA #07677350
10333 Richmond Avenue
Suite 550
Houston, Texas 77042
713-980-9500 Phone
713-888-2703 Fax

ATTORNEYS FOR PLAINTIFF,
**Federal National Mortgage Association**

# CAUSE NO. _____

| | |
|---|---|
| **Federal National Mortgage Association**<br>**Plaintiff** | **IN THE JUSTICE OF PEACE** |
| **vs.** | |
| **Kevin Bierwirth and Aletha Ann Jaso-Keith**<br>**AND/OR ALL OCCUPANTS OF**<br>**3305 Spaniel Drive**<br>**Austin, TX 78759**<br>**Defendants** | **PRECINCT 2**<br><br>**Travis County, Texas** |

## VERIFICATION

**State of Texas**

**County of Harris**

BEFORE ME, the undersigned Notary Public, on this day personally appeared Ruth W. Garner, the duly authorized agent for Plaintiff, who being by me duly sworn on his/her oath deposed and said that he/she has read the above and foregoing Original Petition For Forcible Detainer and that every statement contained therein is within his/her personal knowledge or based upon the business records of the Plaintiff and is true and correct.

_____
Ruth W. Garner

SUBSCRIBED AND THE TRUTH OF THE ABOVE SWORN TO BEFORE ME on this the **2nd** day of
**July** , 2013.

_____
Notary Public, State of Texas

LISA DIANE HARDEN
Notary Public, State of Texas
My Commission Expires
October 23, 2014

RA0277175 - Eviction Petition.for - Rev. 02/21/2013



# EXHIBIT 11

R ALL OC *uupcunts*

DELIVERED THIS *12* DAY OF *UU*, 20*12*
ADAN BALLESTEROS
CONSTABLE PREC 2, TRAVIS COUNTY, TEXAS
BY *H. Harper #263*
DEPUTY

er styled and numbered cause:

r employ an attorney.  YOU ARE HEREBY ORDERED
I BASS, Justice of the Peace for a hearing on
012 at 9:30 A.M.
: Rd., Ste 180, Austin Texas 78758.
MAY RESULT IN DEFAULT JUDGMENT BEING ENTERED
F THE PREMISES AND/OR RENTS AND COSTS.
ETITION.

YOU! THIS SUIT TO EVICT INVOLVES IMMEDIATE
AR OF TEXAS TOLL-FREE AT 1-877-9TEXBAR IF
TORNEY.  IF YOU CANNOT AFFORD TO HIRE AN
E FOR FREE OR LOW-COST LEGAL ASSISTANCE.
CTIVE MILITARY DUTY MAY HAVE SPECIAL
THIS SUIT UNDER FEDERAL LAW, INCLUDING THE
ACT (50 U.S.C. APP. SECTION 501 ET SEQ.),
ION 92.017, TEXAS PROPERTY CODE.

DESALOJAMIENTO, EXISTEN FECHAS LIMITES
SE.  SI REQUIERE ALGUN TIPO DE AYÜDA PARA
OR LLAME AL COLEGIO DE ABOGADOS DEL ESTADO
BAR (ES UNA LLAMADA GRATUITA).  SI NO
S PARA CONTRATAR UN ABOGADO, ES POSIBLE
DA LEGAL GRATUITA OR DE BAJO COSTO.
EN SERVICIO ACTIVO EN LAS FUERZAS
SPECIALES O PROTECCTION, RELATIVA A ESTA
LECIDO POR LAS LEYES FEDERALES.  INCLUYENDO
IL DE MIEMBROS DE LAS FUERZAS ARMADAS
T SEQ.) O POR LAS LEYES DEL ESTANDO,
DEL CODIGO DE PROPIEDAD DE TEXAS.

, and your case styled

Plaintiff vs.  BIERWIRTH, KEVIN AND/OR ALL OC, D
recinct 2, on NOVEMBER 7, 2012   .

al, you must request one and pay a jury fee of
iays after you are served with this citation.

1 on NOVEMBER 13, 2012   .

> > > > > EVICTION CITATION < < < < <

THE STATE OF TEXAS

To:  BIERWIRTH, KEVIN AND/OR ALL OCCupants
     3305 SPANIEL DRIVE
     AUSTIN, TX 78759

DELIVERED THIS 15 DAY OF Oct, 2012
ADAN BALLESTEROS
CONSTABLE PREC 2, TRAVIS COUNTY, TEXAS
BY H. Harper #263
DEPUTY

Defendant, in the hereinafter styled and numbered cause:

YOU HAVE BEEN SUED.  You may employ an attorney.  YOU ARE HEREBY ORDERED
TO APPEAR before Judge GLENN BASS, Justice of the Peace for a hearing on
              **NOVEMBER 28, 2012 at 9:30 A.M.**
           at 10409 Burnet Rd., Ste 180, Austin Texas 78758.
FAILURE TO APPEAR FOR TRIAL MAY RESULT IN DEFAULT JUDGMENT BEING ENTERED
AGAINST YOU FOR POSSESSION OF THE PREMISES AND/OR RENTS AND COSTS.
PLEASE REVIEW THE ATTACHED PETITION.

THE PLAINTIFF WANTS TO EVICT YOU! THIS SUIT TO EVICT INVOLVES IMMEDIATE
DEADLINES.  CALL THE STATE BAR OF TEXAS TOLL-FREE AT 1-877-9TEXBAR IF
YOU NEED HELP LOCATING AN ATTORNEY.  IF YOU CANNOT AFFORD TO HIRE AN
ATTORNEY, YOU MAY BE ELIGIBLE FOR FREE OR LOW-COST LEGAL ASSISTANCE.
A TENANT WHO IS SERVING ON ACTIVE MILITARY DUTY MAY HAVE SPECIAL
RIGHTS OR RELIEF RELATED TO THIS SUIT UNDER FEDERAL LAW, INCLUDING THE
SERVICEMEMBERS CIVIL RELIEF ACT (50 U.S.C. APP. SECTION 501 ET SEQ.),
OR STATE LAW, INCLUDING SECTION 92.017, TEXAS PROPERTY CODE.

*EN CUANTO A ESTA DEMANDA DE DESALOJAMIENTO, EXISTEN FECHAS LIMITES
PROXIMAS QUE DEBERAN CUMPLIRSE.  SI REQUIERE ALGUN TIPO DE AYUDA PARA
ENCONTRAR UN ABOGADO, POR FAVOR LLAME AL COLEGIO DE ABOGADOS DEL ESTADO
DE TEXAS, MARCANDO 1-877-9TEXBAR (ES UNA LLAMADA GRATUITA).  SI NO
DISPONE DE RECURSOS NECESARIOS PARA CONTRATAR UN ABOGADO, ES POSIBLE
QUE CALIFQUE PARA RECIBIR AYUDA LEGAL GRATUITA OR DE BAJO COSTO.
UN INQUILINO QUE SE ENCUENTRE EN SERVICIO ACTIVO EN LAS FUERZAS
ARMADAS PUEDE TENER DERCHOS ESPECIALES O PROTECCTION, RELATIVA A ESTA
DEMANDA AL AMPARO DE LO ESTABLECIDO POR LAS LEYES FEDERALES.  INCLUYENDO
LA LEY PARA LA PROTECCION CIVIL DE MIEMBROS DE LAS FUERZAS ARMADAS
(50 U.S.C. APP. SECTION 501 ET SEQ.) O POR LAS LEYES DEL ESTANDO,
INCLUYENDO LA SECCION 92.017, DEL CODIGO DE PROPIEDAD DE TEXAS.*

Your Cause Number of  068100 , and your case styled

EDERAL NATIONAL MORTGAGE ASSO, Plaintiff vs.  BIERWIRTH, KEVIN AND/OR ALL OC, D
was filed in Justice Court; Precinct 2, on NOVEMBER 7, 2012 .

~~In order to obtain a jury trial,~~ you must request one and pay a jury fee of
five dollars no later than 5 days after you are served with this citation.

Issued and given under my hand on NOVEMBER 13, 2012 .

Judge GLENN BASS, Justice of the Peace, Precinct 2
10409 Burnet Rd., Ste 180, Austin Texas 78758

Court Clerk

Plaintiff Attorney/Agent:
RUTH W GARNER/AGENT
10333 RICHMOND AVENUE STE
HOUSTON          TX 77042

> > > > > EVICTION CITATION < < < < <

Judge GLENN BASS, Justice of the Peace, Precinct 2
Cause Number  068100
FEDERAL NATIONAL MORTGAGE ASSO, Plaintiff vs.  BIERWIRTH, KEVIN AND/OR ALL OC, D

- - - - - - - - - - - OFFICER'S RETURN - - - - - - - - - - -

Came to the hand on the _____ day of _____ ,20____ at ____o'clock_____M
Executed at _____ within County of _____ at ____o'clock_____M
on the _____ day of _____ , 20_____ , by delivering to the within named

_____

_____

a true copy of this citation together with the accompanying copy of the petition
having first attached such copy of such petition to such copy  of citation and
endorsed on such copy of citation the date of delivery.
to certify which witness my hand officially:

Constable, Pct 2 of  _____ County, Texas
By Deputy  _____

CAUSE NO. 68100

| | |
|---|---|
| Federal National Mortgage Association<br>Plaintiff | IN THE JUSTICE OF PEACE |
| vs. | |
| Kevin Bierwirth<br>AND/OR ALL OCCUPANTS OF<br>3305 Spaniel Drive<br>Austin, TX 78759<br>Defendants | PRECINCT 2<br><br>Travis County, Texas |

## ORIGINAL PETITION FOR FORCIBLE DETAINER

**TO THE HONORABLE JUDGE OF SAID COURT:**

Federal National Mortgage Association, hereafter referred to as "Plaintiff", complains of **Kevin Bierwirth,**

**AND/OR ALL OCCUPANTS OF 3305 Spaniel Drive, Austin, TX 78759,** hereafter referred to as "Defendants",

whether one or more, and for cause of action shows:

1.      Plaintiff owns certain real property in **Travis County**, Texas, commonly known as **3305 Spaniel Drive,**

**Austin, TX 78759,** hereafter and the "Property." Defendants presently occupy the Property. The Property lies

within the jurisdiction of this Court and the Defendants may be served with process at the Property. Plaintiff

knows of no other home or work addresses of the Defendants in the county where the Property is located.

Accordingly, if service is unsuccessful under T.R.C.P. 742, citation may be served under T.R.C.P. 742a.

2.      On or about **June 24, 2005, Kevin Bierwirth** executed a Deed of Trust covering the Property. The Deed

of Trust was a first lien on the Property and secured the payment of a promissory note in the original principal

amount of **$105,800.00,** hereafter the "Note." The Deed of Trust was duly recorded in the real property records

of the county in which the Property is located. A true and correct copy of the Deed of Trust is attached as Exhibit

"A" and incorporated as if fully set forth herein.

3.      Due to default in the payment of the Note, the Holder of the Note asked the trustee or substitute trustee

under the Deed of Trust to conduct a non-judicial foreclosure sale. The sale was duly conducted in accordance

with the laws of the State of Texas and after that sale; Plaintiff acquired the Property, the possession of which is

the subject of this suit. A true and correct copy of that Foreclosure Sale Deed is attached as Exhibit "B" and incorporated as if fully set forth herein.

4.     Pursuant to the terms of the Deed of Trust under which the foreclosure sale was duly conducted, and as a result of the foreclosure sale under that Deed of Trust, Defendants became a mere tenant at sufferance. Any lease, contract, or deed between Defendants and any person other than Plaintiff was inferior or subject to the foreclosed security document. Moreover, subsequent to the foreclosure sale, Plaintiff has not entered into any lease or agreement with Defendants whereby Defendants may retain possession of the property, or, if any such lease or agreement was entered into, it has been properly terminated. Consequently, Defendants have no right, either in law or in equity, to remain in possession of the Property.

5.     Pursuant to Sec. 24.005 of the Property Code, Plaintiff delivered to Defendants, by both regular and certified mail, return receipt requested, the requisite notice to vacate. A true and correct copy of that notice is attached as Exhibit "C" and incorporated as if fully set forth herein. Defendants received that notice more than three (3) days prior to the filing of this suit. Despite that notice, Defendants refused and refuses to relinquish possession of the Property.

6.     The property was conveyed to Federal National Mortgage Association by a Special Warranty Deed recorded **October 26, 2012**, under Clerk's File No. **Instrument No. 2012181504** in the Official Public Records of **Travis** County, Texas. A true and correct copy of the Special Warranty Deed is attached as Exhibit "D" and incorporated as if fully set forth herein.

WHEREFORE, Plaintiff requests that Defendants be cited to appear and answer, and that on final trial:

1.     Defendants are adjudged guilty of forcible detainer;

2.     Restitution of the Property is made to Plaintiff;

3.     Plaintiff recovers its attorney's fees;

4.     Plaintiff recovers from Defendants all damages, including the reasonable rental value of the Property, and costs;

5.     Plaintiff recovers such other and further relief to which Plaintiff may be justly entitled.

Respectfully Submitted,

ROBERTSON & ANSCHUTZ

By: _Ruth Garner_ _____

Ruth W. Garner
TBA #07677350
10333 Richmond Avenue
Suite 550
Houston, Texas 77042
713-980-9500 Phone
713-888-2703 Fax

ATTORNEYS FOR PLAINTIFF,
**Federal National Mortgage Association**

FILED
2012 NOV -7 PM 3:38
JUSTICE OF THE PEACE
COUNTY PCT TWO